**Norfolk**

EARL JOHNSON, s/k/a EARL LEON JOHNSON

v.

COMMONWEALTH OF VIRGINIA

No. 1718-89-2

Decided March 26, 1991

COUNSEL

Charles C. Cosby, Jr. (Boone, Beale, Carpenter & Cosby, on brief), for appellant.

Marla Lynn Graff, Assistant Attorney General (Mary Sue Terry, Attorney General, on brief), for appellee.

OPINION

MOON, J.—Earl Johnson seeks reversal of his conviction for possession of cocaine with the intent to distribute. He alleges that the evidence was insufficient to prove that he possessed the drugs found by police officers. We disagree and affirm.

██ When the sufficiency of the evidence is challenged on appeal we must construe the evidence in the light most favorable to the Commonwealth, granting to it all reasonable inferences fairly deducible therefrom. *Higginbotham v. Commonwealth*, 216 Va. 349, 352, 218 S.E.2d 534, 537 (1975).

██ "To support a conviction based upon constructive possession, 'the Commonwealth must point to evidence of acts, statements, or conduct of the accused or other facts or circumstances which tend to show that the defendant was aware of both the presence and the character of the substance and that it was subject to his dominion and control.'" *Drew v. Commonwealth*, 230 Va. 471, 473, 338 S.E.2d 844, 845 (1986) (quoting *Powers v. Commonwealth*, 227 Va. 474, 476, 316 S.E.2d 739, 740 (1984)). "Mere proximity to a controlled drug is not sufficient to establish dominion and control." *Drew*, 230 Va. at 473, 338 S.E.2d at 845.

The police arrived at 1706 College Street in South Boston, Virginia, between 7:15 and 7:30 p.m. on August 18, 1988. The officers had already obtained a search warrant for the residence, the appellant and another person. The officers positioned themselves across the street and watched for approximately one hour.

During this time, they saw the appellant arrive at the residence and depart shortly thereafter. As the appellant left the residence, certain parties were heard to make statements to the effect of "bring me one," and "bring me one also." According to the appellant's brother, this conversation referenced cassette tapes.

The appellant returned in approximately ten to fifteen minutes, at which time members of the police force sought to execute the warrants. As the officers entered the yard, the appellant, face to face with one police officer, whirled and ran down the yard next to a shoulder high hedgerow on the side closest to the house. The officers pursued him on a parallel course on the sidewalk side of the hedgerow. The appellant then broke into the street and was apprehended by Officer Roark in the yard of a neighboring residence. As they returned to the house, Officer Loftis yelled "Kurland [Roark], I found it." Officer Roark testified that at this point he and the appellant were unable to see Officer Loftis or what he had found. Roark testified that appellant, in response to Loftis' remark, made the statement: "[T]hat bag of drugs you found, anyone could have dropped it, could have dropped that bag of drugs and you want to pin it on me."

Officer Loftis had in fact found a ziplock bag containing ninety-six smaller packages of cocaine. The ziplock bag was transparent and the individual packages could be seen through the ziplock bag. At the time of arrest, the officers described the lighting conditions as dusk and stated that no one ever saw the bag in appellant's possession. However, the bag was found where the chase originated. Officers further testified that they did not see the appellant make a throwing motion; however their vision was obscured by the hedgerow. The officers had not searched the yard prior to the arrest. They testified that they observed approximately six people in the yard before the arrest.

When apprehended, the appellant was carrying $938 in bills of assorted denominations. The money found on the appellant was submitted to laboratory tests and no cocaine residue was found.

Appellant asserts that the evidence does not establish an uninterrupted chain of possession necessary to support a conviction beyond a reasonable doubt for possession of cocaine with the intent to distribute. In making this assertion, the appellant relies heavily on the case of *Gordon v. Commonwealth*, 212 Va. 298, 183

S.E.2d 735 (1971). In *Gordon* the defendant was seen walking along the street with an envelope in his hand. As a police officer turned to follow the defendant, he ran. The officer gave chase and eventually apprehended the defendant after twice momentarily losing sight of him. When apprehended, the defendant no longer had the envelope. The officer retraced the defendant's steps and found an envelope lying behind a wall next to a "fairly busy" street. *Id.* at 300, 183 S.E.2d at 736. The envelope contained drug paraphernalia and tested positively for heroin. After the defendant had been taken to police headquarters and questioned, the defendant indicated that the envelope contained someone else's drug "works." *Id.* at 300, 183 S.E.2d at 737. The Virginia Supreme Court reversed the defendant's conviction, finding that there was a break in the chain of evidence. *Id.* at 301, 183 S.E.2d at 737.

 The *Gordon* case may be distinguished on two grounds. First, the drugs found in the *Gordon* case were in a highly public area. Here, the drugs were found in a relatively private area and at the very point where the chase initiated. Second, the appellant made a voluntary acknowledgment that the object found by Officer Loftis was a "bag of drugs" and, at the time he made his statement, he was not in a position to see what Officer Loftis had found. Thus, the finder of fact could infer that the appellant had sufficient familiarity with what was on the ground where he began his flight to infer that he had it in his possession prior to the flight. Flight itself from the scene was some evidence of guilty knowledge. Thus, the finder of fact could infer the appellant possessed the drugs at the time he began to run. Additionally, the appellant was carrying a large amount of cash, a factor that may be considered as some evidence of involvement in drug distribution. *See Colbert v. Commonwealth*, 219 Va. 1, 244 S.E.2d 748 (1978). We hold these facts and circumstances to be sufficient evidence to support a finding that the appellant was guilty of possession of cocaine with the intent to distribute.

Accordingly, the judgment appealed from is affirmed.

*Affirmed.*

Baker, J., and Willis, J., concurred.