**Salem**

LARRY ROBERT BEVERLY

v.

COMMONWEALTH OF VIRGINIA

No. 0325-89-3

Decided April 2, 1991

COUNSEL

Daniel K. Read (Charlie R. Jessee; Yeary, Tate, Lowe & Jessee, P.C., on brief), for appellant.

Linwood T. Wells, Jr., Assistant Attorney General (Mary Sue Terry, Attorney General, on brief), for appellee.

OPINION

**BAKER, J.**—Larry Robert Beverly (appellant) appeals from a judgment of the Circuit Court of Wise County (trial court) which approved a jury verdict convicting him of possession of cocaine with intent to distribute. On appeal he argues: (1) the trial court erred when it permitted an arresting officer to testify to the content of a statement that a witness had made to him which, if believed, showed that the witness had made a prior consistent statement which supported appellant's guilt, and (2) the admissible evidence was insufficient to establish that he possessed cocaine on the night of his arrest.

On appeal we must view the evidence "in the light most favorable to the Commonwealth, granting to it all reasonable inferences fairly deducible therefrom." *Evans v. Commonwealth*, 215 Va. 609, 612, 212 S.E.2d 268, 271 (1975). Stated in that light, the record discloses that on May 20, 1987, an informant (Estes) agreed to assist the Virginia State Police and Wise County Sheriff's Department in making an illegal purchase of drugs from appellant. Estes telephoned appellant, bargained the amount and price, and agreed that they would meet on the parking lot of Jim's Minute Mart (Mart) and complete the sale. Having agreed to sell Estes "an eight ball of cocaine," appellant drove to the Mart where Estes waited. Estes, who was wired with a radio transmitter, entered appellant's car and asked appellant if he had "the stuff." Appellant responded that he had only "about 2 ½ grams" of "the stuff." Estes had explained that he was making the

purchase for a person who had $10,000 to make buys; therefore he would wait until appellant could deliver a full "eight ball." Appellant told Estes that he could make a call and obtain the rest. Estes then got out of appellant's car.

This conversation was transmitted to Officer Dye, who then radioed the other officers standing by to move in and not let anyone leave the parking lot. One of these officers, Mullins, drove up beside appellant on the driver's side and told appellant he was under arrest; appellant then drove swiftly from the lot onto the street, made a right turn and sped away, with Mullins in pursuit. As Mullins entered the street and started into his turn, appellant reached out with his left hand and dropped an object. Mullins could not determine what appellant had discarded. Mullins and Officers Dye and Sewell pursued and caught appellant on the large parking lot of a nearby college. After they apprehended appellant, Mullins told Dye and Sewell that he had seen appellant drop an object in the roadway as he entered the street in front of the Mart. Dye and Sewell searched the street leading into the Mart's entrance. There, on the center line of the street appellant entered as he sped from the Mart, at 10:48 p.m. they found a plastic bag containing 1.68 grams of cocaine.

The roadway on which the package containing the cocaine was found was described as heavily traveled at times. The evidence disclosed that the package had not been damaged in any way and that there was no white powder substance scattered near where the package was found.

On direct examination, Estes testified that he could not remember whether he had seen appellant in possession of cocaine that night, and that he could not swear that he had seen any. Over appellant's objection, Officer Dye was permitted to testify that Estes previously had told him that he had seen a clear plastic bag on the seat of appellant's car and that it contained cocaine. The theory upon which the trial court admitted Officer Dye's testimony was that the defense, in its cross-examination, had attacked Estes' credibility and that this impeachment tactic opened the door to the admission of the prior consistent statement.

## I. ESTES' PRIOR CONSISTENT STATEMENT

We need not pass on the admissibility of Dye's testimony as the Commonwealth concedes that the evidence was inadmissible due to the failure of the prosecutor to lay the foundation required by Code § 8.01-403.

The Commonwealth contends, however, that even though the trial court erred in permitting the jury to hear the "prior consistent" testimony evidence, the evidence itself was harmless, hence not reversible error. The objectionable testimony by Dye is as follows:

I asked [Estes] if [appellant] had the cocaine on him or in the car. He responded, "Yes." And I said, "Well, how was it packaged?" He responded, "It was in clear cellophane with a tie around it." And I said, "Well, where was it?" He said, "He laid it on the seat right beside of me."

Immediately following that response was this question and answer:

Q. Describe the packet that you found in the road?

A. It was the corner, clear cellophane, appeared to be like one of these sandwich bags.

As noted, a part of the objectionable evidence was a description of the package alleged to have been placed by appellant on the seat next to Estes. The package description matched that of the package found in the roadway. The Commonwealth argues that to apply the harmless error principle, the issue must involve a federal constitutional error. *See Reid v. Commonwealth,* 213 Va. 790, 195 S.E.2d 866 (1973). The Commonwealth suggests instead that to determine whether the evidence erroneously admitted constituted reversible error we should adopt the test of whether the jury reasonably could have been expected to have reached a different result if the evidence had not been admitted.

In arriving at our conclusion, we are guided by other established rules. While not every erroneous ruling on the admissibility of evidence will constitute reversible error, once error is established it will be presumed to be prejudicial. *See Caldwell v. Commonwealth,* 221 Va. 291, 296, 269 S.E.2d 811, 814 (1980); *City*

*of Staunton v. Aldhizer*, 211 Va. 658, 666, 179 S.E.2d 485, 491 (1971); *see* C. Friend, *The Law of Evidence in Virginia* §§ 6, 119 (3d ed. 1988). In such case, the burden shifts to the opposing party to prove that the error was non-prejudicial. Here, the Commonwealth was required to show that the package found in the roadway was thrown there by appellant when he was seen dropping an object from the window of his car. Officer Dye erroneously was permitted to testify that Estes saw a package containing drugs similar, if not the same, to the package found in the roadway. This testimony was clearly inculpatory and reasonably could have resulted in appellant's conviction. For that reason, even if we adopted the test suggested by the Commonwealth, we would find that erroneous admission of the hearsay evidence was prejudicial.[1]

## II. SUFFICIENCY OF THE EVIDENCE

Appellant further argues that the evidence failed to prove that he possessed an illegal drug and, therefore, his conviction should be reversed and he should be dismissed from further prosecution on this charge. We disagree.

Possession of a drug prohibited by law may be shown by "evidence of acts, declarations or conduct of the accused from which the inference may be fairly drawn that he knew of the existence of the narcotics at the place where they were found." *Womack v. Commonwealth*, 220 Va. 5, 7, 255 S.E.2d 351, 352 (1979).

The evidence reveals that Estes, while working with the police, made a recorded telephone call to appellant and arranged for appellant to sell him an "eight ball" of cocaine. During the telephone conversation, they bargained for the amount, price, time and place the sale was to take place. They were to meet at 10:00 p.m. on the parking lot of the Mart. Estes was wired with a radio transmitter which permitted Officer Dye to listen to the conversation between appellant and Estes when they met at the appointed time and place. At approximately 10:00 p.m., appellant drove to the Mart and Estes entered his car. Dye heard appellant's voice

---

[1] Even if the hearsay evidence had been admissible, the trial court should have told the jury that they could consider it only as it affected the credibility of the witness, not as evidence of facts at issue in the case. *See Virginia Elec. & Power Co. v. Hall*, 184 Va. 102, 34 S.E.2d 382 (1945); *see also Largin v. Commonwealth*, 215 Va. 318, 208 S.E.2d 775 (1974).

transmitted over the wire stating that he had with him "about 2 ½ grams" of "the stuff." During the initial call from Estes to appellant, they had referred to the drugs as "stuff." In the car, appellant repeated that he had "2, 2 ½ grams. I don't have a full eight ball. I got rid of the rest of the stuff." Dye explained that two and one-half grams is approximately one gram short of an "eight ball." Appellant offered to sell Estes the cocaine he had with him for $200. This was $100 less than the agreed purchase price of an eight ball. Estes had explained to appellant that he was procuring for an "up in society" friend from Kentucky who had $10,000 available to him. When Estes told appellant that he wanted an entire eight ball, appellant assured him that he could drive up the road, make a telephone call, and obtain the remaining desired amount of drugs. Estes got out of appellant's car without the sale being consummated and, pursuant to radio direction, Officer Mullins drove up beside appellant and loudly advised him that he was under arrest. Appellant then drove his car swiftly off the parking lot onto the street and, while turning, dropped an object out of the car window. Appellant was chased, caught and searched. No drugs were found on him or in his car. In a very short time, the police found a package containing almost two grams of cocaine at the place where appellant had dropped an object. Although the roadway where the drugs were found was well traveled by other cars, the package was not damaged in any way and there was no evidence of a white substance being scattered at that point.

We hold that the evidence was sufficient to permit an inference that the drugs found on the roadway were discarded by appellant as he sped from his arrest, and was sufficient to exclude any reasonable hypothesis of innocence which flowed from the evidence. *Black v. Commonwealth*, 222 Va. 838, 841, 284 S.E.2d 608, 609 (1981); *Turner v. Commonwealth*, 218 Va. 141, 148, 235 S.E.2d 357, 361 (1977).

The hearsay evidence having been erroneously admitted to the prejudice of appellant, the judgment approving the jury's verdict of conviction is reversed and this cause is remanded to the trial court for such further proceeding as the Commonwealth may be advised.

*Reversed and remanded.*

Koontz, C.J., and Cole, J., concurred.