953 F.2d 639
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Ronnie Floyd ROBERTS, Petitioner-Appellant,
v.
Wade D. BLANKENSHIP; Attorney General of Virginia,
Respondents-Appellees.
 No. 91-6502.
 United States Court of Appeals, Fourth Circuit.
 Argued Oct. 3, 1991.
Decided Jan. 14, 1992.
 
 Appeal from the United States District Court for the Western District of Virginia, at Roanoke, No. (CA-90-226-R), Jackson L. Kiser, District Judge.
 Argued: Karen Dunlop, Law Student, Earle C. Dudley, Jr., Post-Conviction Assistance Project, University of Virginia School of Law, Charlottesville, Va., for appellant; John H. McLees, Jr., Assistant Attorney General, Office of the Attorney General, Richmond Va., for appellee.
 On Brief: Mary Sue Terry, Attorney General of Virginia, Office of the Attorney General, Richmond, Va., for appellee.
 W.D.Va.
 AFFIRMED.
 Before MURNAGHAN, Circuit Judge, MALCOLM J. HOWARD, United States District Judge for the Eastern District of North Carolina, sitting by designation, and HENRY M. HERLONG, Jr., United States District Judge for the District of South Carolina, sitting by designation.
 OPINION
 PER CURIAM:
 
 
 1
 Ronnie Floyd Roberts ("Roberts") appeals the district court's denial of his petition for a writ of habeas corpus. Roberts asserts that the evidence presented at trial was insufficient to support his conviction. The district court found that the evidence was sufficient to support Roberts' conviction and denied the petition. We affirm.
 
 I.
 
 2
 In late summer of 1988, Roberts was wanted on a federal parole violation warrant. United States marshals and deputy sheriffs of Franklin County, Virginia had under surveillance a trailer where they believed Roberts was living. During the period of observation, no one other than Roberts was seen in the area of this trailer and a nearby shed. On the morning of September 2, 1988, the officers conducting the surveillance saw Roberts come out of the trailer, unlock the door to the shed, and make several trips between the shed and a pick-up truck.
 
 
 3
 A short time later, the federal marshals stopped Roberts as he was preparing to leave in the truck. At this time, Roberts gave the marshals a false name. The marshals arrested Roberts and took him to the Franklin County Jail. When he was arrested, Roberts was carrying almost Seven Thousand Four Hundred Dollars ($7,400) in cash.
 
 
 4
 Roberts admitted to living in the trailer. He also signed a consent form which allowed the police to conduct a general search of the trailer and the shed. The police obtained the key to the shed from Roberts' personal items at the jail. In the shed, above the door, the police found two white plastic bottles. One of the bottles contained twenty-six (26) small cellophane packages of cocaine. The other bottle contained a substantial amount of loose cocaine.
 
 
 5
 In the trailer, the police found a set of electronic scales hidden in a wicker basket. Inside the scales was a tiny spoon, of the type normally identified with the use of cocaine. The police also found a syringe, a small straw, another tiny spoon, and a large supply of small plastic bags in the trailer. All of these items are commonly associated with the use of, or the trade of, drugs. No fingerprints which could be used for comparison purposes were found on these items.
 
 
 6
 Robert Harper ("Harper"), the owner of the trailer, testified to the frequent use of the trailer by construction workers. Harper further testified that Roberts had the only set of keys to the trailer and shed.
 
 II.
 
 7
 Roberts asserts that the evidence presented at trial was not sufficient to support a conviction for possession of cocaine with intent to distribute in violation of Virginia Code Annotated Section 18.2-248. The standard of review this court must apply to a petition for a writ of habeas corpus based on a challenge to the sufficiency of the evidence is whether, "after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979) (emphasis in original).
 
 
 8
 Roberts challenges whether there was sufficient evidence to find that he had possession of the cocaine. "[P]ossession of a controlled substance may be [either] actual or constructive." Archer v. Commonwealth, 225 Va. 416, 418, 303 S.E.2d 863, 863 (1983). The prosecution contends that Roberts had constructive possession of the cocaine. For a conviction to be based on constructive possession, the prosecution "must point to evidence of acts, statements, or conduct of the accused or other facts or circumstances which tend to show that the defendant was aware of both the presence and character of the substance and that it was subject to his dominion and control." Johnson v. Commonwealth, 12 Va.App. 150, 151, 402 S.E.2d 502, 503 (1991) (citations omitted). Since Roberts had the only set of keys to the shed and the trailer where the drugs and other drug-related items were found, he does not challenge the finding that he clearly had dominion and control of the cocaine. Roberts challenges the conclusion that the evidence was sufficient to support a finding that he was aware or conscious of the presence of the cocaine.
 
 III.
 
 9
 The evidence in this case shows that Roberts was carrying a large amount of cash. This is a factor that may be considered as some evidence of involvement in drug distribution. Johnson, 12 Va.App. at 153, 402 S.E.2d at 504. Roberts also gave a false name to law enforcement officers. This false statement by Roberts may be considered in determining whether he was aware of the presence of the cocaine. See Clodfelter v. Commonwealth, 218 Va. 619, 623, 238 S.E.2d 820, 822 (1977). Some of the drug paraphernalia was found in plain view.* Items commonly identified with the use of cocaine found in plain view in a premises under the control of the defendant may be considered in determining whether he was aware of the presence of and the nature of the cocaine. See Gillis v. Commonwealth, 215 Va. 298, 301, 208 S.E.2d 768, 770-71 (1974). The presence of the scale, even though it was concealed, along with the other drug-related paraphernalia, may be considered in determining whether Roberts knew of the cocaine. See United States v. Grubbs, 773 F.2d 599, 603 (4th Cir.1985).
 
 
 10
 This evidence demonstrates facts and circumstances from which a rational trier of fact could find that Roberts was aware of the presence and the nature of the drugs and that he was guilty beyond a reasonable doubt of possession of cocaine with the intent to distribute.
 
 IV.
 
 11
 The district court properly found that the evidence was sufficient to support Roberts' conviction. The denial of the petition for a writ of habeas corpus is
 
 
 12
 AFFIRMED.
 
 
 
 *
 A syringe was lying on top of a microwave oven in the kitchen, and a small spoon of the sort commonly identified with the use of cocaine was found on a table in one of the bedrooms