COURT OF APPEALS OF VIRGINIA

Present: Judges Baker, Bray and Overton
Argued at Norfolk, Virginia


MOSES HENRY CARNEY, JR.
                                    MEMORANDUM OPINION[*] BY
v.     Record No. 2602-96-1         JUDGE RICHARD S. BRAY
                                       SEPTEMBER 23, 1997
COMMONWEALTH OF VIRGINIA


           FROM THE CIRCUIT COURT OF THE CITY OF HAMPTON
                   Christopher W. Hutton, Judge

           Charles E. Haden (Pamela J. Jones, on brief),
           for appellant.

           Monica S. McElyea, Assistant Attorney General
           (James S. Gilmore, III, Attorney General, on brief),
           for appellee.



     Moses Henry Carney, Jr. (defendant), convicted in a bench

trial for possession of cocaine, challenges the sufficiency of

the evidence on appeal.  We affirm the conviction.

     The parties are fully conversant with the record, and this

memorandum opinion recites only those facts necessary to a

disposition of the appeal.

     In reviewing the sufficiency of the evidence, we examine the

record in the "light most favorable to the Commonwealth, granting

to it all reasonable inferences fairly deducible therefrom."

Martin v. Commonwealth, 4 Va. App. 438, 443, 358 S.E.2d 415, 418

(1987).  The judgment of a trial court, sitting without a jury,

is entitled to the same weight as a jury verdict and will be

disturbed only if plainly wrong or without evidence to support

          [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

it.  See id.  The credibility of a witness, the weight accorded the testimony, and the inferences to be drawn from proven facts are matters to be determined by the fact finder.  See Long v. Commonwealth, 8 Va. App. 194, 199, 379 S.E.2d 473, 476 (1989).

> It is well settled that
>      possession of a controlled substance may be
>      actual or constructive.  "To support a
>      conviction based upon constructive
>      possession, 'the Commonwealth must point to
>      evidence of acts, statements, or conduct of
>      the accused or other facts or circumstances
>      which tend to show that the defendant was
>      aware of both the presence and character of
>      the substance and that it was subject to his
>      dominion and control.'"

McGee v. Commonwealth, 4 Va. App. 317, 322, 357 S.E.2d 738, 740 (1987) (quoting Drew v. Commonwealth, 230 Va. 471, 473, 338 S.E.2d 844, 845 (1986)) (other citations omitted). Circumstantial evidence may establish possession, provided it excludes every reasonable hypothesis of innocence.  See, e.g., Tucker v. Commonwealth, 18 Va. App. 141, 143, 442 S.E.2d 419, 420 (1994).  However, "[t]he Commonwealth need only exclude reasonable hypotheses of innocence that flow from the evidence, not those that spring from the imagination of the defendant." Hamilton v. Commonwealth, 16 Va. App. 751, 755, 433 S.E.2d 27, 29 (1993).  The reasonableness of an hypothesis of innocence is a factual finding by the trial court, see Cantrell v. Commonwealth, 7 Va. App. 269, 290, 373 S.E.2d 328, 339 (1988), binding on appeal unless plainly wrong.  See Martin, 4 Va. App. at 443, 358 S.E.2d at 418.

2

Here, defendant refused to remove his hands from his pockets to permit police officers to "secure him in cuffs" incidental to arrest. Defendant's "passive resistance" persisted until he suddenly "started pulling his hands out" and "threw items" against the "back wall," some of which "slid down" behind an "entertainment center" located a "couple of inches" from the wall. Moments before the scuffle, Officer Anderson had inspected the "little space" separating the wall and entertainment center and observed only "dust and . . . electrical cords." However, when Anderson "looked again" after defendant tossed the articles from his pocket, he discovered "change" and a "clear baggie" containing the offending drug, items not "there . . . before." No one had been seen in "that area" since Anderson's initial search, and, in contrast to the surrounding floor, no dust or dirt was discernible on the baggie.

Such evidence clearly establishes that defendant discarded several items from his pocket during the encounter with the officers. See Glover v. Commonwealth, 3 Va. App. 152, 160-61, 348 S.E.2d 434, 440 (1986) (upholding conviction for possession of cocaine discovered in rear seat of police vehicle previously searched by officer and later occupied only by accused), aff'd, 236 Va. 1, 372 S.E.2d 134 (1988). These items, including the baggie of cocaine, were quickly retrieved by police under circumstances which clearly proved possession by defendant. See Beverly v. Commonwealth, 12 Va. App. 160, 165, 403 S.E.2d 175,

3

177-78 (1991) (conviction for cocaine possession affirmed where accused, fleeing by automobile on a well traveled road, dropped object from window, and police immediately retrieved an undamaged package of cocaine). Accordingly, the evidence provided ample support for the conviction, and we affirm the decision of the trial court.

<u>Affirmed.</u>