COURT OF APPEALS OF VIRGINIA


Present: Judges Baker, Annunziata and Senior Judge Cole
Argued at Richmond, Virginia


ANDRE TAYLOR

                                    MEMORANDUM OPINION[*] BY
v.   Record No. 0891-97-2           JUDGE MARVIN F. COLE
                                        JUNE 9, 1998
COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF THE CITY OF HOPEWELL
                    James F. D'Alton, Jr., Judge

            Homer C. Eliades (Adrienne George-Eliades;
            Eliades and Eliades, on brief), for
            appellant.

            Donald E. Jeffrey, III, Assistant Attorney
            General (Mark L. Earley, Attorney General, on
            brief), for appellee.


     Andre Taylor (appellant) appeals his conviction for

possession of cocaine.  On appeal, appellant contends that the

evidence was insufficient to support his conviction.  We affirm

the conviction.

     Four police officers executed a search warrant on a

residence in Hopewell, Virginia at about 10:00 p.m. on November

15, 1996.  Three persons were in the residence when the officers

entered:  Vernon Boone, Steven Wyche, and appellant.

     Officer Hawkins testified that when the officers entered the

apartment, all three men were seated in chairs around a kitchen

table.  They immediately stood and ran.  Officer Hunter testified

that he saw Boone "shove" something into his pants and turn his

---
        [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

back to the officers before running away. Hunter stated that appellant was about two to three feet from Boone when Hunter first entered the residence. Hunter recovered a bag containing .866 grams of crack cocaine which fell from the waistline of Boone's pants. Some of the cocaine was individually packaged in knotted plastic bag corners. Hunter, who testified that he was familiar with the packaging and distribution of cocaine, stated that the quantity and packaging of the recovered cocaine was inconsistent with personal use.

Appellant admitted to the officers that he was the lessee of the property and that Wyche also lived there. The officers recovered a shotgun from under a mattress in the only bedroom in the apartment, and they found a set of scales in the kitchen. Hawkins testified that, based on his experience with drug cases, the scales were similar to those used in the drug trade. Appellant admitted that the shotgun belonged to him.

The officers also seized $355 in cash from appellant's pants pocket. Appellant admitted that one of the two pagers found in the living room belonged to him. The officers recovered other personal items belonging to appellant from the apartment.

The trial court found appellant guilty of possession of cocaine, stating that "the scales, the pager, the gun and so forth in conjunction" with appellant's flight, his proximity to the drugs and "all the other aspects of it" pointed to his knowledge, dominion and control of the drugs.

2

"On appeal, we review the evidence in the light most favorable to the Commonwealth, granting to it all reasonable inferences fairly deducible therefrom."  Martin v. Commonwealth, 4 Va. App. 438, 443, 358 S.E.2d 415, 418 (1987).

> Possession of a controlled substance need not be exclusive, and may be shared. [P]ossession of a controlled substance may be actual or constructive.  "To support a conviction based upon constructive possession, 'the Commonwealth must point to evidence of acts, statements, or conduct of the accused or other facts or circumstances which tend to show that the defendant was aware of both the presence and character of the substance and that it was subject to his dominion and control.'"

McGee v. Commonwealth, 4 Va. App. 317, 322, 357 S.E.2d 738, 740 (1987) (citations omitted).  Such "'possession may be proved by "evidence of acts, declarations or conduct of the accused from which an inference may be fairly drawn that he knew of the existence of narcotics at the place where they were found."'"  Josephs v. Commonwealth, 10 Va. App. 87, 99-100, 390 S.E.2d 491, 498 (1990) (citation omitted).

> Circumstantial evidence of possession is sufficient to support a conviction provided it excludes every reasonable hypothesis of innocence.
>
> Although mere proximity to drugs is insufficient to establish possession, it is a circumstance which may be probative in determining whether an accused possessed such drugs.  Ownership or occupancy of the premises is likewise a circumstance probative of possession.  Thus, in resolving this issue, the Court must consider "the totality of the circumstances disclosed by the evidence."

3

Spivey v. Commonwealth, 23 Va. App. 715, 724-25, 479 S.E.2d 543, 548 (1997) (citations omitted). "Flight itself from the scene [is] some evidence of guilty knowledge. Thus, the finder of fact could infer the appellant possessed the drugs at the time he began to run." Johnson v. Commonwealth, 12 Va. App. 150, 153, 402 S.E.2d 502, 504 (1991). Possession of items associated with drug use and distribution is a factor to be considered by the trier of fact. See, e.g., White v. Commonwealth, 25 Va. App. 662, 668, 492 S.E.2d 451, 454 (1997) (en banc) (recognizing also that pagers are tools of the drug trade).

Here, appellant was seated at a table along with two other men, and all three men fled as the police entered the apartment. One of the men, who was seated two to three feet away from appellant, stuffed a bag containing .866 grams of cocaine into his pants when the police arrived. Hunter testified that the amount of cocaine and the method of its packaging was inconsistent with personal use. Hunter stated that one of the pieces of cocaine was a "$50 rock," which "is a lot for one person to use." According to Hunter, the other pieces would sell for about $10 and $20.

Appellant admitted to the police that he leased the apartment, and the police recovered some of his personal belongings in the apartment. The police recovered indicia of the drug trade, such as cash, a shotgun, a pager, and a set of scales from the apartment. Thus, the only reasonable hypothesis arising

4

from such evidence is that appellant was aware of the nature and character of the cocaine, that it was subject to his dominion and control, and that he jointly and constructively possessed the substance with the other men.  Therefore, the evidence was sufficient to prove beyond a reasonable doubt that appellant possessed cocaine.

For the reasons stated, the judgment of the trial court is affirmed.

Affirmed.