COURT OF APPEALS OF VIRGINIA


Present:  Chief Judge Fitzpatrick, Judges Elder and Lemons


MATTHEW McHERRIN

MEMORANDUM OPINION[*] BY
v.    Record No. 0217-99-1                    JUDGE DONALD W. LEMONS
MARCH 14, 2000
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF NEWPORT NEWS
Edward L. Hubbard, Judge

(Theophlise L. Twitty; Jones and Twitty, on
brief), for appellant.  Appellant submitting
on brief.

(Mark L. Earley, Attorney General; John H.
McLees, Jr., Assistant Attorney General, on
brief), for appellee.  Appellee submitting on
brief.


Matthew McHerrin was convicted in a bench trial for

unlawfully possessing cocaine in violation of Code § 18.2-250.

On appeal, McHerrin contends that the evidence was insufficient

to prove that he possessed the cocaine found by police on the

ground.

## I.  BACKGROUND

When an appellant challenges the sufficiency of the

evidence to support his conviction, the evidence and all

reasonable inferences fairly deducible therefrom will be

considered in the light most favorable to the Commonwealth.  See

* Pursuant to Code § 17.1-413, recodifying Code
§ 17-116.010, this opinion is not designated for publication.

Higginbotham v. Commonwealth, 216 Va. 349, 352, 218 S.E.2d 534, 537 (1975).  On August 28, 1997, Newport News police detectives drove unmarked police cars and a raid van to 717 27th Street to execute a search warrant for that residence and for the person of Matthew McHerrin.  The police arrived at 8:30 p.m. and saw McHerrin leaving the residence and walking toward 26th Street through a vacant, grassy field about "80 feet deep" and to the west of the residence.  Although the porch of the residence was occupied by numerous males, there was no one in or coming across the field at that time.  Detective Schraudt, who wore blue jeans, boots and a black raid vest with a gold State Police badge and the word "Police" in white on the front of the vest, and the words "State Police" on the back, got out of an unmarked police car and faced McHerrin.  McHerrin then turned and ran through the vacant lot.

Schraudt identified himself as a police officer and shouted several times for McHerrin to stop.  When McHerrin kept running, Schraudt and Detectives Coleman and Bell chased him.  During the chase, the detectives saw McHerrin reach into his right pocket, pull his hand out and then make a throwing motion.  When he got to the back edge of the lot, he took a path through a brushline that separated it from another vacant lot behind it.  As he did so, when the detectives were about 20-25 feet away from him, both Schraudt and Coleman saw McHerrin reach his hand into his left pocket, bring it out and extend it, and then make a motion

-

in that direction.  It was "between [the] time of dark and light," and at that distance the officers were unable to see an object leaving his hand.

Schraudt apprehended McHerrin, who had stopped running when he reached the next street.  Coleman had stopped in the field, and when Schraudt and other officers brought McHerrin back to that location, they searched with flashlights to find what he had thrown away.  No one had been through the area since the police had chased McHerrin.

In the area where McHerrin had made the throwing motion, the police found a "see-through" plastic sandwich bag containing six individually packaged, one inch by two inch baggies of what appeared to be heroin.  Also in the area, the police found items of trash, such as beer bottles, gum wrappers, and paper.  It had been raining until about an hour before the raid, and Schraudt noticed that the ground and all the items of trash found in the area were wet, but the bag of drugs was not.  The substance in the baggies proved to be .76 gram of cocaine, rather than heroin.

## II.  ANALYSIS

When a conviction is based entirely on circumstantial evidence, all necessary circumstances proved must be consistent with guilt and inconsistent with innocence and must exclude every reasonable hypothesis of innocence.  See Bishop v. Commonwealth, 227 Va. 164, 169, 313 S.E.2d 390, 393 (1984).

-

"The circumstances of motive, time, place, means, and conduct must all concur to form an unbroken chain which link the defendant to the crime beyond a reasonable doubt." Id.

In Collins v. Commonwealth, 13 Va. App. 177, 409 S.E.2d 175 (1991), a police officer drove his patrol car into a dimly lit parking lot and stopped approximately thirty feet behind Collins, who was sitting in a parked vehicle. When Collins exited the car, the officer saw him make "a throwing motion under the vehicle with his right arm." Id. at 178, 409 S.E.2d at 175. The officer immediately approached the car, shined his flashlight underneath the car and found a plastic baggie containing 14 smaller baggies of a white substance. There was nothing else under the car. We held that the evidence was sufficient to prove that the defendant possessed the cocaine and had thrown it under the car. We relied primarily on the reasonableness of the fact finder's inferences stemming from the evidence presented and observed,

> [t]he court could have found that [the defendant] was merely off balance as he exited the car, or that he slipped and was attempting to catch himself. But the court did not so find. Instead, the court found that [the defendant] in fact threw drugs under the vehicle and that finding is binding on us, unless it is incredible or plainly wrong. It is neither under the facts in this record.

> The trial court was not unmindful of [the defendant's] argument that the cocaine might have already been under his car. The judge discounted this possibility, observing

-

> that the cocaine was "something of
> significant value and not something that one
> is likely to have abandoned or carelessly
> left in the area there."

Id. at 179-80, 409 S.E.2d at 176.

Viewing the evidence in the light most favorable to the Commonwealth, there was sufficient evidence from which the trial judge could find that appellant had actual possession of the cocaine and knew of the nature and character of the substance. Appellant fled after being alerted to clearly visible signs of police officers. Detective Schraudt wore his police badge and vest and after McHerrin turned and ran, he ignored Schraudt's several calls to stop. While not sufficient alone to convict, such actions indicate guilty knowledge. See Johnson v. Commonwealth, 12 Va. App. 150, 153, 402 S.E.2d 502, 504 (1991). Appellant then, on two occasions, reached into his pocket, pulled his hand out and made throwing motions during the pursuit. He did not stop running until he had distanced himself from those areas where he made the throwing motions. At one of the locations where police officers saw the appellant's throwing motion, the drugs were found amidst the trash and other debris. "Possession of a drug prohibited by law may be shown by 'evidence of acts, declarations or conduct of the accused from which the inference may be fairly drawn that he knew of the existence of the narcotics at the place where they were found.'" Beverly v. Commonwealth, 12 Va. App. 160, 164, 403 S.E.2d 175,

-

177 (1991) (quoting <u>Womack v. Commonwealth</u>, 220 Va. 5, 7, 255 S.E.2d 351, 352 (1979)). No other persons were observed in the field; it was a relatively private area rather than a public thoroughfare; and very little time elapsed between when the defendant was seen making a throwing motion and when the cocaine was retrieved. <u>See</u> <u>Johnson</u>, 12 Va. App. at 153, 402 S.E.2d at 504 (stating that "the drugs were found in a relatively private area" in affirming a conviction for possession of cocaine with intent to distribute).

The package containing the cocaine was distinguished from the trash because, although lying in an open field, it was not wet. The trial judge could have reasonably inferred that the plastic bag had been dropped there since the rain had stopped. Additionally, because it is common knowledge that cocaine has value on the illicit market, it was highly unlikely that someone would have abandoned the drugs there like trash. <u>See</u> <u>Brown v. Commonwealth</u>, 15 Va. App. 1, 9, 421 S.E.2d 877, 883 (1992) (<u>en banc</u>); <u>Collins</u>, 13 Va. App. at 180, 409 S.E.2d at 176.

Finding the evidence sufficient, we affirm the conviction.

<u>Affirmed</u>.