COURT OF APPEALS OF VIRGINIA

Present: Chief Judge Fitzpatrick, Judges Coleman and Frank
Argued at Salem, Virginia


WAYNE SYLVESTER GUNN

MEMORANDUM OPINION[*] BY
v.    Record No. 1788-99-3        JUDGE ROBERT P. FRANK
                                     JUNE 13, 2000
COMMONWEALTH OF VIRGINIA


           FROM THE CIRCUIT COURT OF THE CITY OF DANVILLE
                        James F. Ingram, Judge

           Elwood Earl Sanders, Jr., Appellate Defender
           (Public Defender Commission, on briefs), for
           appellant.

           Thomas M. McKenna, Assistant Attorney General
           (Mark L. Earley, Attorney General, on brief),
           for appellee.


     Wayne Sylvester Gunn (appellant) appeals his conviction for

possession of cocaine in violation of Code § 18.2-250.  On appeal,

he contends the evidence was insufficient.  We disagree and affirm

the conviction.

                          I.  BACKGROUND

     Appellant was arrested by Officer Hancock of the Danville

Police Department for being drunk in public.  The officer asked

appellant if he had "any weapons or needles or anything on him."

Appellant immediately put his left hand into his pocket.  The

officer grabbed appellant's hand and asked appellant what he was

_____
        * Pursuant to Code § 17.1-413, recodifying Code
§ 17-116.010, this opinion is not designated for publication.

doing.  Appellant answered, "I'm just getting some money, man . . . I'm just getting some money."  The officer then pulled appellant's hand out of the pocket and saw money in appellant's hand.  Appellant put his hand back in his pocket, and the officer removed it when he placed appellant against the police car.  As the officer pulled appellant's hand out of his pocket on the second occasion, he observed something fall from the pocket onto the ground.  He could not tell what it was, and he did not retrieve it at that time.  After securing appellant in the police unit, the officer retrieved the item that had been dropped.  The officer found a suspected smoking device and a cigarette lighter exactly where appellant's left leg had been when he dropped the object.  There was nothing else in the area.  The pipe was analyzed and found to contain cocaine.

## II.  ANALYSIS

Under familiar principles of appellate review, we examine the evidence in the light most favorable to the Commonwealth, granting to it all reasonable inferences fairly deducible therefrom.  See Martin v. Commonwealth, 4 Va. App. 438, 443, 358 S.E.2d 415, 418 (1987).  The judgment of a trial court will be disturbed only if plainly wrong or without evidence to support it.  See id. (citations omitted).  The inferences to be drawn from proven facts are matters for determination by the fact finder.  See Hancock v. Commonwealth, 12 Va. App. 774, 782, 407 S.E.2d 301, 306 (1991)

-

(citing Johnson v. Commonwealth, 209 Va. 291, 295, 163 S.E.2d 570, 574 (1968)).

"To establish possession of a controlled substance, [it] generally is necessary to show that the defendant was aware of the presence and character of the particular substance and was intentionally and consciously in possession of it." Gillis v. Commonwealth, 215 Va. 298, 301, 208 S.E.2d 768, 771 (1974). Constructive possession may be proved through evidence demonstrating "the accused was aware of both the presence and character of the substance and that it was subject to his or her dominion and control." Wymer v. Commonwealth, 12 Va. App. 294, 300, 403 S.E.2d 702, 706 (1991) (citing Drew v. Commonwealth, 230 Va. 471, 473, 338 S.E.2d 844, 845 (1986)).

Circumstantial evidence is sufficient to prove guilt beyond a reasonable doubt so long as "all necessary circumstances proved [are] consistent with guilt and inconsistent with innocence and . . . exclude every reasonable hypothesis of innocence." Bishop v. Commonwealth, 227 Va. 164, 169, 313 S.E.2d 390, 393 (1984). The Commonwealth "need not affirmatively disprove all theories which might negate the conclusion that the defendant [possessed the cocaine], but the conviction will be sustained if the evidence excludes every reasonable hypothesis of innocence." Higginbotham v. Commonwealth, 216 Va. 349, 353, 218 S.E.2d 534, 537 (1975) (citing Payne v. Commonwealth, 216 Va. 265, 217 S.E.2d

-

870 (1975); Orange v. Commonwealth, 191 Va. 423, 434, 61 S.E.2d 267, 271 (1950)).

Proof of constructive possession necessarily rests on circumstantial evidence; thus, "'all necessary circumstances proved must be consistent with guilt and inconsistent with innocence and exclude every reasonable hypothesis of innocence.'" Garland v. Commonwealth, 225 Va. 182, 184, 300 S.E.2d 783, 784 (1983) (citations omitted).

The Commonwealth "'is not required to prove that there is no possibility that someone else may have planted, discarded, abandoned, or placed the drugs or paraphernalia where they were found near an accused.'" Pemberton v. Commonwealth, 17 Va. App. 651, 655, 440 S.E.2d 420, 422 (1994) (quoting Brown v. Commonwealth, 15 Va. App. 1, 10, 421 S.E.2d 877, 883 (1992) (en banc)).

Appellant contends the area was a "high drug area" and the smoking device could have been discarded by another person. Appellant, therefore, reasons that because there is a reasonable hypothesis consistent with innocence, the evidence was insufficient to support his conviction.

The trial court could infer from the evidence that appellant intended to discard the pipe to avoid detection. Yet, under appellant's argument that the pipe was already at his feet, the trial court would have to infer that appellant discarded the

-

lighter, an innocuous object.  This is not a reasonable hypothesis and was rejected by the trial court.

As the Supreme Court of Virginia has stated:

> Numerous decisions have affirmed convictions
> for possession of narcotic drugs resting on
> proof that a defendant was observed dropping
> or throwing away an identifiable object
> which, when subsequently recovered, was found
> to contain narcotics.

Gordon v. Commonwealth, 212 Va. 298, 300, 183 S.E.2d 735, 737 (1971) (citations omitted).

In Collins v. Commonwealth, 13 Va. App. 177, 178, 409 S.E.2d 175, 175 (1991), the police observed the defendant make a throwing motion as he left his vehicle.  No one saw whether he had actually thrown anything.  See id. at 179, 409 S.E.2d at 176.  Underneath the car in which the defendant had been sitting, the officers found a bag of cocaine.  See id. at 178, 409 S.E.2d at 175.  Despite varied proffered theories of innocence, including one like appellant's argument, this Court upheld the conviction, stating that the trial court's finding of possession was:

> binding on us, unless it is incredible or
> plainly wrong . . . .  The trial court was
> not unmindful of Collins' argument that the
> cocaine might have already been under his
> car.  The judge discounted this possibility,
> observing that the cocaine was "something of
> significant value and not something that one
> is likely to have abandoned or carelessly
> left in the area there."

Id. at 179-80, 409 S.E.2d at 176.

-

Likewise, in Powell v. Commonwealth, 27 Va. App. 173, 497 S.E.2d 899 (1998), this Court again upheld a conviction where the evidence showed that the defendant unclenched his fist when approached by the police in a high drug-crime area. No one saw the defendant actually drop something, but the police recovered a bag of cocaine from the ground below where he made the dropping motion. See id. at 176, 497 S.E.2d at 900.

In Beverly v. Commonwealth, 12 Va. App. 160, 403 S.E.2d 175 (1991), we held that the bag of cocaine found in a heavily-traveled roadway was correctly held to be in the defendant's possession. Earlier, the defendant tried to flee from approaching officers and dropped an unidentified object in the roadway. See id. at 165, 403 S.E.2d at 177-78. "We hold that the evidence was sufficient to permit an inference that the drugs found on the roadway were discarded by appellant as he sped from his arrest, and was sufficient to exclude any reasonable hypothesis of innocence which flowed from the evidence." Id. at 165, 403 S.E.2d at 178 (citations omitted).

Viewing the evidence in the light most favorable to the Commonwealth, we hold that the evidence was sufficient to find appellant in constructive possession of the cocaine. An object fell from appellant's pocket as his hand was withdrawn from the pocket. Appellant disobeyed the officer's direction to remove his hands from his pockets. The pipe was found exactly where the object had fallen, where appellant's foot had been.

-

Therefore, we affirm the judgment of the trial court.

<u>Affirmed.</u>