COURT OF APPEALS OF VIRGINIA


Present:  Judges Elder, Annunziata and Senior Judge Coleman[*]
Argued at Richmond, Virginia


LEROY NATHANIEL INGRAM

                                    MEMORANDUM OPINION[**] BY
v.    Record No. 2996-99-2          JUDGE SAM W. COLEMAN III
                                         JANUARY 16, 2001
COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF THE CITY OF RICHMOND
                      James B. Wilkinson, Judge

            Gregory W. Franklin, Assistant Public
            Defender (Office of the Public Defender, on
            brief), for appellant.

            (Mark L. Earley, Attorney General;
            H. Elizabeth Shaffer, Assistant Attorney
            General, on brief), for appellee.


    Leroy Nathaniel Ingram was convicted in a bench trial of

possession of cocaine with intent to distribute in violation of

Code § 18.2-248.  The sole issue on appeal is whether the

evidence is sufficient to support a finding that Ingram intended

to distribute the cocaine.  For the reasons that follow, we

affirm the conviction.

---

    [*] Judge Coleman participated in the hearing and decision of
this case prior to the effective date of his retirement on
December 31, 2000 and thereafter by his designation as a senior
judge pursuant to Code § 17.1-401.

    [**] Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

BACKGROUND

Viewed in the light most favorable to the Commonwealth, the evidence and inferences that reasonably could be drawn from the evidence proved that at approximately 11:40 a.m., Richmond Police Officer LaMonte P. Tucker was driving westbound in his patrol car on Y Street when he observed Ingram and another man walking eastbound.  As Tucker's vehicle approached Ingram, Tucker observed Ingram reach into his pocket and a small baggie fall to the ground.  Tucker did not see exactly from where the bag dropped.  Tucker stopped and asked Ingram to approach him. Tucker asked the other man to step away so that Tucker could talk to Ingram.  Tucker testified that when Ingram "walked over to me he leaned up against my car and he dropped a scale from underneath his jacket."  Tucker testified that, although Ingram was not facing him and he did not actually see the scale fall from Ingram's jacket, he heard the "clinking" sound of the scale as it hit the ground.

The baggie that fell from Ingram's person contained 3.26 grams of cocaine.  The cocaine was packaged in such a way that the outer baggie contained both drugs and two baggie corners, which also contained drugs.  Ingram also possessed a pager and $30 in currency in five and single dollar denominations. Officer Thomas Lloyd, accepted by the court as an expert on street level narcotics, testified that the pager, small

denominations of currency, the quantity of cocaine, and the possession of the scale were inconsistent with personal use.

## ANALYSIS

"On review of a challenge to the sufficiency of the evidence, we view the evidence in the light most favorable to the Commonwealth, the prevailing party, and grant to it all reasonable inferences fairly deducible therefrom." Robertson v. Commonwealth, 31 Va. App. 814, 820, 525 S.E.2d 640, 643 (2000) (citing Commonwealth v. Jenkins, 255 Va. 516, 521, 499 S.E.2d 263, 265 (1998)). "The judgment of a trial court sitting without a jury is entitled to the same weight as a jury verdict, and will not be disturbed on appeal unless plainly wrong or without evidence to support it." Beck v. Commonwealth, 2 Va. App. 170, 172, 342 S.E.2d 642, 643 (1986) (citations omitted). "The credibility of the witnesses and the weight accorded the evidence are matters solely for the fact finder who has the opportunity to see and hear that evidence as it is presented." Sandoval v. Commonwealth, 20 Va. App. 133, 138, 455 S.E.2d 730, 732 (1995) (citations omitted).

"[F]or a defendant to be convicted of possession of a controlled substance with the intent to distribute, the Commonwealth must prove that the defendant possessed the controlled substance contemporaneously with his intention to distribute that substance." Stanley v. Commonwealth, 12 Va.

App. 867, 869, 407 S.E.2d 13, 15 (1991) (en banc). "Because direct proof of [the] intent [to distribute] is often impossible, it must be shown by circumstantial evidence." Servis v. Commonwealth, 6 Va. App. 507, 524, 371 S.E.2d 156, 165 (1988). "Circumstantial evidence is sufficient to prove guilt beyond a reasonable doubt so long as 'all necessary circumstances proved . . . [are] consistent with guilt and inconsistent with innocence and must exclude every reasonable hypothesis of innocence.'" McNair v. Commonwealth, 31 Va. App. 76, 86, 521 S.E.2d 303, 308 (1999) (en banc) (quoting Bishop v. Commonwealth, 227 Va. 164, 169, 313 S.E.2d 390, 393 (1984)).

Circumstantial proof of a defendant's intent includes the quantity of the drugs, the manner in which the drugs are packaged, and the presence or absence of drug paraphernalia associated with drug distribution or personal use. See Servis, 6 Va. App. at 524-25, 371 S.E.2d at 165; see also White v. Commonwealth, 25 Va. App. 662, 668, 492 S.E.2d 451, 454 (1997) (en banc) (recognizing pagers as tools of the drug trade); Davis v. Commonwealth, 12 Va. App. 728, 733, 406 S.E.2d 922, 925 (1991) (finding that possession of a small quantity of drugs found together with a handscale and a set of weights divided into grams, two boxes of plastic sandwich bags, twist ties, and $800 in cash was sufficient circumstantial evidence of an intent to distribute). Although "[p]ossession of a small quantity [of

drugs] creates an inference that the drug is for personal use[,]" possession of a small quantity, "when considered with other circumstances, may be sufficient to establish an intent to distribute." Servis, 6 Va. App. at 524, 371 S.E.2d at 165 (citations omitted).

Ingram argues that because the evidence is insufficient to prove that he possessed the scale, it is insufficient to prove that he intended to distribute the cocaine. We disagree. After observing Ingram drop a baggie of cocaine, Officer Tucker stopped his vehicle and asked Ingram to approach him. When Ingram leaned against the vehicle, Tucker heard the scale "clinking" as it hit the ground. Although Tucker did not inspect the area near his car before asking Ingram to approach him and did not actually see the portable scale fall, there were no other objects in the area that would account for the noise. The fact finder, therefore, could have reasonably inferred that Ingram possessed the scale and dropped it as he approached the police officer. See Powell v. Commonwealth, 27 Va. App. 173, 178-80, 497 S.E.2d 899, 901-02 (1998) (finding the evidence sufficient to support a conviction for possession of cocaine where, although not observed dropping the drugs, defendant unclenched his fist when approached by the police in a high drug/crime area and drugs were recovered from the ground below where defendant made the dropping motion); see also Beverly v.

Commonwealth, 12 Va. App. 160, 164-65, 403 S.E.2d 175, 177-78 (1991) (finding evidence sufficient to prove possession of cocaine where a bag of cocaine was found in a heavily-traveled roadway where defendant was attempting to escape and where defendant was observed dropping an unidentified object in the roadway).

Other evidence also was sufficient to support the trial court's finding that Ingram possessed the cocaine with the intent to distribute. In addition to possessing cocaine and the scale, Ingram possessed a pager and $30 in currency in small bills. An expert witness testified that the manner in which the drugs were packaged and the presence of the scale, pager, and currency are factors which are inconsistent with personal use. The expert witness testified that scales are often used by street level dealers to weigh drugs before distribution and that pagers are often used by drug dealers to communicate with each other. Additionally, the expert witness testified that the amount of cocaine, 3.26 grams, was inconsistent with personal use. Further, no evidence proved that Ingram used cocaine or that he possessed it for his personal use. Therefore, the evidence is sufficient to support the conviction.

Accordingly, we affirm.

Affirmed.