# Lonnie Brack Drew

## v.

# Commonwealth of Virginia

Record No. 840511

January 17, 1986

Present: All the Justices

472

*David L. Williams (Sacks, Sacks & Larkin,* on brief), for appellant.

*Marla Lynn Graff, Assistant Attorney General (William G. Broaddus, Attorney General,* on brief), for appellee.

POFF, J., delivered the opinion of the Court.

We granted this appeal to consider whether the evidence was sufficient to support the defendant's conviction for possession of cocaine with intent to distribute in violation of Code § 18.2-248. The trial court, sitting without a jury, found the defendant guilty as charged and entered judgment imposing a sentence of 10 years' confinement in the penitentiary and a fine of $1,000.

At 6:30 p.m. on June 3, 1983, a detective assigned to the Portsmouth Vice and Narcotics Squad began a surveillance of a residence located at 3317 Knox Street. During the course of the next hour, 22 people entered the residence, remained a short time, and left. The detective acquired a search warrant and returned two hours later with several other officers.

As the police approached the residence, they saw defendant Lonnie Brack Drew standing in the street and talking with someone in a car parked "two doors down from 3317." A van owned by Drew and a car registered to Cheryl McClarty were parked near the house. When the officers entered to conduct the search, McClarty was in the master bedroom. Clothing belonging to a man and a woman was hanging in the closet.

In the living room the officers discovered a checkbook, a bank statement, a telephone bill, and a wallet containing vehicle registration cards, a driver's license, and a credit union voucher. All these documents bore Drew's name and the Knox Street address.

The officers seized cocaine and cocaine residue from several places in the house. The items seized included a plastic baggie containing 3.35 grams of 19% pure cocaine; a glass vial containing

.12 grams of 65% pure cocaine; three cards bearing .17 grams of 71% pure cocaine; 11 plastic baggies, seven of which contained cocaine residue; and a bottle and spoon containing cocaine residue. In the master bedroom the police found a razor blade and three straws cut at an angle. The detective testified that such straws "are commonly used to snort cocaine." Four scales of different design were discovered in three different rooms. The scale found in the living room contained interchangeable gram weights, graduated in size.

On appeal, Drew contends that the evidence was insufficient to establish actual or constructive possession of a controlled substance. In the alternative, he maintains that the Commonwealth failed to prove intent to distribute.

■ The Attorney General acknowledges that the evidence fails to show actual possession of the drug. To support a conviction based upon constructive possession, "the Commonwealth must point to evidence of acts, statements, or conduct of the accused or other facts or circumstances which tend to show that the defendant was aware of both the presence and character of the substance and that it was subject to his dominion and control." *Powers* v. *Commonwealth*, 227 Va. 474, 476, 316 S.E.2d 739, 740 (1984).

■ The record contains no evidence of statements or conduct which tend to show that Drew was aware of the presence of cocaine in the dwelling. The only evidence that the substance was subject to his dominion and control was the several documents introduced to show that he claimed the Knox Street address as his residence. But such evidence, though relevant, raises no presumption that he "knowingly or intentionally possessed [a] controlled substance" found there. Code § 18.2-250. The police observed Drew standing in the street near the dwelling when they returned to conduct the search, but there is no proof that he was inside the house when the 22 visitors entered. Mere proximity to a controlled drug is not sufficient to establish dominion and control. *Wright* v. *Commonwealth*, 217 Va. 669, 670, 232 S.E.2d 733, 734 (1977); *Fogg* v. *Commonwealth*, 216 Va. 394, 395, 219 S.E.2d 672, 673 (1975).

The facts in this case are strikingly similar to those in *Garland* v. *Commonwealth*, 225 Va. 182, 300 S.E.2d 783 (1983). There, the police seized four grams of cocaine and a set of scales and other drug paraphernalia in the search of a dwelling occupied by Melanie Henderson. Garland was not present during the search,

but the police discovered several articles of men's clothing, an expired driver's license issued to Garland, and a lease agreement for the dwelling which named Garland and Henderson as lessees. Finding that "[t]he evidence in this case, at most, create[d] a mere suspicion", *id.* at 184, 300 S.E.2d at 785, we reversed the judgment convicting Garland of possession of the contraband.

We hold as a matter of law that the Commonwealth failed to carry its burden of proof in the case at bar. At most, the evidence establishes that Drew resided at 3317 Knox Street and that he was near the residence the night the cocaine was seized. This is insufficient to prove constructive possession by the defendant. Because possession is an essential element of the crime with which Drew was charged, we will reverse the conviction and enter final judgment dismissing the indictment.

*Reversed and final judgment.*