COURT OF APPEALS OF VIRGINIA


Present:  Judges Baker, Fitzpatrick and Annunziata
Argued at Alexandria, Virginia


ADONIS G. HICKS
                                    MEMORANDUM OPINION[*]
v.    Record No. 1924-96-4      BY JUDGE JOSEPH E. BAKER
                                     NOVEMBER 18, 1997
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
J. Howe Brown, Judge

Crystal A. Meleen, Senior Assistant Public
Defender (Office of the Public Defender, on
brief), for appellant.

Ruth Ann Morken, Assistant Attorney General
(Richard Cullen, Attorney General, on brief),
for appellee.


Adonis G. Hicks (appellant) was convicted in a jury trial for possession of cocaine with intent to distribute.  On appeal, he contends that (1) the evidence was insufficient to prove that he was aware of the presence and character of the cocaine and that it was subject to his dominion and control, and (2) the trial court erroneously refused to respond to the jury's question regarding the applicability of parole to appellant's sentence.[1] For the reasons that follow, we affirm appellant's conviction.

_____

[*]Pursuant to Code § 17-116.010 this opinion is not designated for publication.

[1]Appellant does not challenge the validity of the entry or search of the residence.

## SUFFICIENCY OF THE EVIDENCE

Under familiar principles of appellate review, we examine the evidence in the light most favorable to the Commonwealth, granting to it all reasonable inferences fairly deducible therefrom. See Traverso v. Commonwealth, 6 Va. App. 172, 176, 366 S.E.2d 719, 721 (1988). The jury's verdict will not be disturbed unless plainly wrong or without evidence to support it. See id. The credibility of a witness, the weight accorded the testimony, and the inferences to be drawn from proven facts are matters solely for the fact finder's determination. See Long v. Commonwealth, 8 Va. App. 194, 199, 379 S.E.2d 473, 476 (1989). The fact finder is not required to believe all aspects of a witness' testimony; it may accept some parts as believable and reject other parts as implausible. See Pugliese v. Commonwealth, 16 Va. App. 82, 92, 428 S.E.2d 16, 24 (1993).

> [P]ossession of a controlled substance may be actual or constructive. "To support a conviction based upon constructive possession, 'the Commonwealth must point to evidence of acts, statements, or conduct of the accused or other facts or circumstances which tend to show that the defendant was aware of both the presence and character of the substance and that it was subject to his dominion and control.'"

McGee v. Commonwealth, 4 Va. App. 317, 322, 357 S.E.2d 738, 740 (1987) (quoting Drew v. Commonwealth, 230 Va. 471, 473, 338 S.E.2d 844, 845 (1986)) (other citation omitted). Possession "need not always be exclusive. The defendant may share it with one or more." Josephs v. Commonwealth, 10 Va. App. 87, 99, 390

S.E.2d 491, 497 (1990) (en banc).

Although mere proximity to the drugs is insufficient to establish possession, it is a factor that may be considered in determining whether the accused possessed drugs. See Brown v. Commonwealth, 15 Va. App. 1, 9, 421 S.E.2d 877, 882 (1992) (en banc). Ownership or occupancy of the premises on which the drugs are found is also a circumstance probative of possession. See Drew, 230 Va. at 473, 338 S.E.2d at 845 (citing Code § 18.2-250). Thus, in resolving this issue, the Court must consider "the totality of the circumstances disclosed by the evidence." Womack v. Commonwealth, 220 Va. 5, 8, 255 S.E.2d 351, 353 (1979).

Circumstantial evidence of possession is sufficient to support a conviction provided it excludes every reasonable hypothesis of innocence. See, e.g., Tucker v. Commonwealth, 18 Va. App. 141, 143, 442 S.E.2d 419, 420 (1994). However, "[t]he Commonwealth need only exclude reasonable hypotheses of innocence that flow from the evidence, not those that spring from the imagination of the defendant." Hamilton v. Commonwealth, 16 Va. App. 751, 755, 433 S.E.2d 27, 29 (1993). Whether an alternative hypothesis of innocence is reasonable is a question of fact, see Cantrell v. Commonwealth, 7 Va. App. 269, 290, 373 S.E.2d 328, 339 (1988), and a determination by the fact finder, therefore, is binding on appeal unless plainly wrong. See Traverso, 6 Va. App. at 176, 366 S.E.2d at 721.

In this case, the only reasonable hypothesis flowing from

- 3 -

the evidence, viewed in the light most favorable to the Commonwealth, is that appellant was aware of the presence and character of the cocaine and exercised dominion and control over it. When the police arrived at the residence with the warrant for appellant's arrest, appellant's mother confirmed that he resided there but was not at home. She then led them to a bedroom she identified as appellant's. In a closet in that bedroom, the police found a set of scales with white powder residue and a piece of crack cocaine weighing 0.195 grams on the shelf beside the scales. Appellant's mother "verified that that was definitely the Defendant's room."

Appellant telephoned while the officers were present and was advised that the officers had a warrant for his arrest, to which appellant responded, "if it's an arrest warrant, you can't look in my personal papers and you can't search my coat." After obtaining a search warrant, the police found a tan winter coat in appellant's size in the closet in which the scales had been found. The coat's pockets contained a bag of 23.669 grams of cocaine and two pay stubs bearing appellant's name and covering two pay periods for the month prior to the search. Elsewhere in the room, the officers found a variety of personal papers bearing appellant's name, including multiple job applications, a resume, other pay stubs, school diplomas, a traffic summons and a Virginia identification card.

The trial court correctly concluded that appellant's

statement regarding the search of his coat and personal papers was sufficient to show that appellant was aware of the presence and character of the cocaine in his coat and on the shelf above his coat and that he exercised dominion and control over it. The jury was likewise entitled to conclude that this was the only reasonable hypothesis flowing from all the evidence. Although appellant's mother testified at trial that others had access to the room and that appellant stayed there only occasionally, the jury, as the finder of fact, was free to disregard her testimony as incredible. See Pugliese, 16 Va. App. at 92, 428 S.E.2d at 24.

### INSTRUCTING THE JURY ON THE POSSIBILITY OF PAROLE

Appellant contends that the trial court erroneously refused, in response to a question from the jury during deliberations,[2] to instruct them on the inapplicability of parole to appellant's sentence. The court responded simply, "You must set the sentence you find to be appropriate under the circumstances and not concern yourselves with what may happen afterward."

This assignment of error is controlled by Mosby v. Commonwealth, 24 Va. App. 284, 482 S.E.2d 72 (1997), in which we held that "in non-capital felony cases a trial judge is not required to instruct the jury that the defendant, if convicted, will be ineligible for parole." Id. at 286, 482 S.E.2d at 72;

---

[2]The jury asked, "What part of the sentence must be served before possibility of parole?"

see Walker v. Commonwealth, 25 Va. App. 50, 60-67, 486 S.E.2d 126, 131-35 (1997).  A defendant has no due process right under Simmons v. South Carolina, 512 U.S. 154 (1994),[3] to such an instruction.  See Mosby, 24 Va. App. at 288-90, 482 S.E.2d at 73-74.  This principle applies equally to formal instructions given prior to jury deliberation and questions asked by the jury after deliberations have begun.

For these reasons, we affirm appellant's conviction.

Affirmed.

---

[3]Simmons requires such an instruction only when the Commonwealth argues future dangerousness in capital cases.  See Mosby, 24 Va. App. at 286, 290, 482 S.E.2d at 72, 74.