COURT OF APPEALS OF VIRGINIA

Present:  Chief Judge Fitzpatrick, Judges Baker and Bray
Argued at Norfolk, Virginia


HORACE ANDREW JONES, JR.
                                      MEMORANDUM OPINION[*] BY
v.    Record No. 1398-97-1    CHIEF JUDGE JOHANNA L. FITZPATRICK
                                         MARCH 24, 1998
COMMONWEALTH OF VIRGINIA


              FROM THE CIRCUIT COURT OF YORK COUNTY
                   N. Prentis Smiley, Jr., Judge

         John D. Konstantinou (McKenna & Konstantinou,
         on brief), for appellant.

         Ruth Ann Morken, Assistant Attorney General
         (Richard Cullen, Attorney General, on brief),
         for appellee.


     Horace Andrew Jones, Jr. (appellant) was convicted in a

bench trial of possessing cocaine in violation of Code

§ 18.2-250.  He contends the evidence was insufficient to support

the conviction.  We disagree and affirm.

                                I.

     At 9:10 p.m. on August 30, 1996, Ranger Holliday of the

Newport News Parks Department approached a vehicle backed in at a

watershed property gate off Richneck Road.  Jones, seated in the

driver's seat, was the sole occupant of the vehicle.  According

to Holliday, as he approached, appellant "initially tried to get

out of the vehicle and come around to me."  When Holliday asked

appellant what he was doing there, he replied that he just pulled

---

[*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

in to sit for a bit.  When asked for his driver's license, Jones produced an identification card issued by the Department of Motor Vehicles.  Holliday arrested Jones because he was wanted on an outstanding warrant.

After the arrest, Holliday found a registration card in the glove box indicating that the vehicle was not owned by Jones. However Jones stated several times that he had just purchased the car from the registered owner a week earlier, and the paperwork was not yet complete.  On the floorboard of the driver's side, in the area where the driver's foot would be, Holliday found a hollow antenna section and a cigarette lighter.  The antenna section was readily visible from outside the vehicle on the passenger side and appeared to have a "black-gray type of residue" covering it.  Antenna sections are used as "stems" to smoke crack cocaine, and the residue proved to be cocaine.

At trial, appellant testified that the car belonged to a friend and that he had been driving it for 30 to 45 minutes because he had gotten lost in the area.  Appellant denied telling Holliday that he had recently purchased the car and that he had been driving it for a week.  Appellant offered no explanation for his suspicious behavior in exiting the car before the ranger approached or for his failure to tell Holliday that he was lost when he pulled in to sit for a bit.

In finding that appellant constructively possessed the antenna section containing the cocaine, the trial court rejected

2

Jones' argument that he was unaware of the presence of the antenna section. The court stated:

> [T]his matter . . . boils down to a matter of credibility between the witnesses and who the Court finds . . . more credible. The Defendant has contradicted almost everything that the park ranger has said except that he was there. I find that the ranger['s] . . . testimony is, in fact, believable. The Court believes that [the Defendant] said all of those things to the officer.

## II.

When considering the sufficiency of the evidence on appeal in a criminal case, we view the evidence in the light most favorable to the Commonwealth, granting to it all reasonable inferences fairly deducible therefrom. See Higginbotham v. Commonwealth, 216 Va. 349, 352, 218 S.E.2d 534, 537 (1975). In so doing, we must discard the evidence of the accused in conflict with that of the Commonwealth and regard as true all the credible evidence favorable to the Commonwealth and all fair inferences. See Cirios v. Commonwealth, 7 Va. App. 292, 295, 373 S.E.2d 164, 165 (1988). The credibility of witnesses, the weight accorded to testimony, and the inferences to be drawn from proven facts are matters to be determined by the fact finder. See Long v. Commonwealth, 8 Va. App. 194, 199, 379 S.E.2d 473, 476 (1989). The trial court's judgment will not be set aside unless the judgment is plainly wrong or without evidence to support it. See Josephs v. Commonwealth, 10 Va. App. 87, 99, 390 S.E.2d 491, 497 (1990) (en banc).

> [P]ossession of a controlled substance may be

actual or constructive. "To support a conviction based upon constructive possession, 'the Commonwealth must point to evidence of acts, statements, or conduct of the accused or other facts or circumstances which tend to show that the defendant was aware of both the presence and character of the substance and that it was subject to his dominion and control.'"

McGee v. Commonwealth, 4 Va. App. 317, 322, 357 S.E.2d 738, 740 (1987) (quoting Drew v. Commonwealth, 230 Va. 471, 473, 338 S.E.2d 844, 845 (1986)). See Walton v. Commonwealth, No. 971369, ___ Va. ___, ___ S.E.2d ___ (Feb. 27, 1998).

Although mere proximity to drugs is insufficient to establish possession, it is a circumstance which may be probative in determining whether an accused possessed such drugs. See Lane v. Commonwealth, 223 Va. 713, 716, 292 S.E.2d 358, 360 (1982); Brown v. Commonwealth, 15 Va. App. 1, 9, 421 S.E.2d 877, 882 (1992) (en banc). Ownership or occupancy of the vehicle in which drugs are found is likewise a circumstance probative of possession. See Drew v. Commonwealth, 230 Va. 471, 473, 338 S.E.2d 844, 845 (1986) (citing Code § 18.2-250). Thus, in resolving this issue, we must consider "the totality of the circumstances disclosed by the evidence." Womack v. Commonwealth, 220 Va. 5, 8, 255 S.E.2d 351, 353 (1979).

Here, Jones was the sole occupant of the vehicle, and he was found sitting in the driver's seat. When the officer approached, appellant immediately exited the car, and the trial court could reasonably infer that he was attempting to distract Holliday from

4

looking inside where the drugs were located.  The antenna section, with visible residue, together with the cigarette lighter, were found in plain view on the driver's floorboard, near where Jones' left foot rested.  Finally, Jones' inconsistent statements about his ownership of the vehicle, the time he had control of the car and its contents, and his reason for being stopped at the watershed entrance were acts upon which the trial court could reject his denial of knowledge or ownership of the antenna.  While appellant made no specific statement regarding the use of the device, when viewed as a whole, his acts and conduct support the trial court's finding that he was aware of the presence and character of the cocaine and that he was guilty of possessing it.

<u>Affirmed.</u>
