COURT OF APPEALS OF VIRGINIA


Present:  Judges Elder, Felton and Senior Judge Hodges
Argued at Chesapeake, Virginia


QUENCY C. JORDAN, S/K/A
 QUENCY CORNELIUS JORDAN
                                    MEMORANDUM OPINION* BY
v.    Record No. 3084-01-1          JUDGE WILLIAM H. HODGES
                                         OCTOBER 8, 2002
COMMONWEALTH OF VIRGINIA


              FROM THE CIRCUIT COURT OF THE CITY OF SUFFOLK
                      Westbrook J. Parker, Judge

              Timothy E. Miller, Public Defender, for
              appellant.

              Linwood T. Wells, Jr., Assistant Attorney
              General (Jerry W. Kilgore, Attorney General,
              on brief), for appellee.


     Quency Jordan (appellant) was convicted in a bench trial of

possession of cocaine, in violation of Code § 18.2-250.  The

sole issue raised on appeal is whether the evidence was

sufficient to establish that appellant constructively possessed

the cocaine.  Finding the evidence insufficient, we reverse.

                                I.

     When the sufficiency of the evidence is challenged on

appeal, we determine whether the evidence, viewed in the light

most favorable to the prevailing party, the Commonwealth, and

the reasonable inferences fairly deducible from that evidence

--------

     * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

support each and every element of the charged offense.  See Moore v. Commonwealth, 254 Va. 184, 186, 491 S.E.2d 739, 740 (1997).  "In so doing, we must discard the evidence of the accused in conflict with that of the Commonwealth, and regard as true all the credible evidence favorable to the Commonwealth and all fair inferences that may be drawn therefrom."  Watkins v. Commonwealth, 26 Va. App. 335, 349, 494 S.E.2d 859, 866 (1998).  "We will not reverse the judgment of the trial court, sitting as the finder of fact in a bench trial, unless it is plainly wrong or without evidence to support it."  Reynolds v. Commonwealth, 30 Va. App. 153, 163, 515 S.E.2d 808, 813 (1999) (citing Martin v. Commonwealth, 4 Va. App. 438, 443, 358 S.E.2d 415, 418 (1987)).

Viewed in this light, the evidence established that on October 12, 2000, at approximately 5:20 p.m., Officer C.L. Wheeler stopped a car driven by appellant based on information that the driver did not have a valid license.  Appellant was the sole occupant.  Wheeler arrested appellant for, inter alia, driving after having been declared an habitual offender.  Before towing the car from the scene, Wheeler conducted an inventory search.

"[R]ight at the floorboard of the driver's seat, on the driver's side, right in front of the seat," Wheeler recovered "a small brown pill bottle containing [an] off-white substance."  Upon closer inspection and based on his experience, the

-

substance "appeared to be crack cocaine." Wheeler provided the following testimony regarding the vehicle appellant was driving:

> He stated that he had bought the vehicle from his sister. It was actually his sister's car. At first he had had it approximately a year. It was traded at J&J Auto and he had purchased it and it had not been properly registered.

Wheeler indicated the bottle was "sitting right down on the right side in front of [the driver's] seat on the floorboard." He testified that "[o]nce he opened the door [he] started looking. It was laying right there on the floor." Wheeler also stated that the bottle was not covered up by debris.

On cross-examination, however, Wheeler acknowledged there were "a couple other items" of debris on the floor." He further equivocated as evidenced by the following exchange:

> [DEFENSE COUNSEL]: And you stated that you found this pill bottle partially underneath the driver's seat?
>
> [WHEELER]: Well, it really wasn't under the driver's seat. If you look at your seat, it was just like sitting right at the front, but down on the floorboard.
>
> [DEFENSE COUNSEL]: Was it partially under the lip of the seat?
>
> [WHEELER]: You probably could say so.
>
> [DEFENSE COUNSEL]: And was there a floor mat there?
>
> [WHEELER]: Yes, it was.
>
> [DEFENSE COUNSEL]: Was the pill bottle partially under the floor mat at all?

-

> [WHEELER]: I don't recall it being under the floor mat.
>
> [DEFENSE COUNSEL]: I'm just going from what you told me at [the] preliminary hearing.
>
> [WHEELER]: Yeah, it was partially – it was right at the front of the floor mat, but at the rear of the floor mat in front of the seat.

Wheeler indicated that the pill bottle had no name on it and the car "came back [registered] to his sister, disposition sold," and that appellant "failed to register the vehicle properly."

The trial court made the following findings:

> Well, it's no question he was driving the car. No question it was right at his feet. It would be one thing if it was hidden somewhere in the car, but it was right at his feet and it was visible to the officer. It was under his dominion and control. I'm going to find him guilty as charged . . . .

## II.

To establish possession of a controlled substance, the Commonwealth must prove that "'the defendant was aware of the presence and character of the particular substance and was intentionally and consciously in possession of it.'" McNair v. Commonwealth, 31 Va. App. 76, 85-86, 521 S.E.2d 303, 308 (1999) (en banc) (quoting Gillis v. Commonwealth, 215 Va. 298, 301, 208 S.E.2d 768, 771 (1974)). However, "[c]onstructive possession may be proved through evidence demonstrating 'that the accused was aware of both the presence and character of the substance

-

and that it was subject to his or her dominion and control.'"
Id. at 86, 521 S.E.2d at 308 (quoting Wymer v. Commonwealth, 12
Va. App. 294, 300, 403 S.E.2d 702, 706 (1991)). "Knowledge of
the presence and character of the controlled substance may be
shown by evidence of the acts, statements or conduct of the
accused." Eckhart v. Commonwealth, 222 Va. 447, 450, 281 S.E.2d
853, 855 (1981).

A person's occupancy of a vehicle in which a controlled
substance is found raises no presumption that the person "either
knowingly or intentionally possessed [the] controlled
substance." Code § 18.2-250; Drew v. Commonwealth, 230 Va. 471,
473, 338 S.E.2d 844, 845 (1986). Thus, we have held that
"'[s]uspicious circumstances, including proximity to a
controlled drug, are insufficient to support a conviction.'"
McNair v. Commonwealth, 31 Va. App. 76, 86, 521 S.E.2d 303, 308
(1999) (en banc) (quoting Behrens v. Commonwealth, 3 Va. App.
131, 135, 348 S.E.2d 430, 432 (1986)).

Proof by circumstantial evidence "'is not sufficient . . .
if it engenders only a suspicion or even a probability of guilt.
Conviction cannot rest upon conjecture.'" Littlejohn v.
Commonwealth, 24 Va. App. 401, 414, 482 S.E.2d 853, 859 (1997)
(quoting Hyde v. Commonwealth, 217 Va. 950, 955, 234 S.E.2d 74,
78 (1977)). "'"[A]ll necessary circumstances proved must be
consistent with guilt and inconsistent with innocence and
exclude every reasonable hypothesis of innocence."'" Betancourt

-

v. Commonwealth, 26 Va. App. 363, 373, 494 S.E.2d 873, 878 (1998) (quoting Stover v. Commonwealth, 222 Va. 618, 623, 283 S.E.2d 194, 196 (1981) (quoting Inge v. Commonwealth, 217 Va. 360, 366, 228 S.E.2d 563, 567 (1976))).

Here, the Commonwealth failed to present any evidence of "'"acts, statements, or conduct of the accused or other facts or circumstances which tend to show that [appellant] was aware of the presence and character"'" of the cocaine in the brown bottle on the floorboard or that he knowingly and intentionally possessed it. McNair, 31 Va. App. at 86, 521 S.E.2d at 308 (quoting Drew v. Commonwealth, 230 Va. 471, 473, 338 S.E.2d 844, 845 (1986) (quoting Powers v. Commonwealth, 227 Va. 474, 476, 316 S.E.2d 739, 740 (1984))).

Appellant exhibited no suspicious conduct and made no incriminating statements, and Wheeler recovered no drug-related evidence from him. Moreover, the Commonwealth presented no evidence that the "off-white substance" described by Wheeler was visible through the closed brown pill bottle, which was on the floorboard, close to the edge of the driver's seat. Appellant's mere proximity to the cocaine found in a brown bottle on the floorboard is not sufficient to prove that he possessed the controlled substance. See id.

Viewed as a whole, the circumstantial factors are suspicious, but they do not prove beyond a reasonable doubt that appellant constructively possessed the cocaine found in the

-

brown bottle on the floor of the car.  For the foregoing

reasons, we reverse the conviction and dismiss the indictment.

<u>Reversed and dismissed</u>.