COURT OF APPEALS OF VIRGINIA


Present:   Judges Bumgardner, Humphreys and Senior Judge Hodges
Argued at Richmond, Virginia


PIERRE MICHEL SILENCIEUX

                                               MEMORANDUM OPINION[*] BY
v.         Record No. 2701-03-2          JUDGE RUDOLPH BUMGARDNER, III
                                                    JULY 20, 2004
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF HENRICO COUNTY
Gary A. Hicks, Judge

John H. Goots (Chenault & Goots, on brief), for appellant.

Amy L. Marshall, Assistant Attorney General (Jerry W. Kilgore,
Attorney General, on brief), for appellee.


Pierre Michel Silencieux appeals his convictions for possession of cocaine and

possession of cocaine with intent to distribute. He contends evidence was unlawfully seized and

was insufficient to prove possession. We assume the evidence was admissible but hold it was

insufficient to prove possession. Accordingly, we reverse the convictions.

We view the evidence and the inferences fairly deducible from it in the light most

favorable to the Commonwealth. Commonwealth v. Hudson, 265 Va. 505, 514, 578 S.E.2d 781,

786, cert. denied, ___ U.S. ___, 124 S. Ct. 444 (2003). Officer Zannine lawfully stopped the

defendant's truck at 8:35 p.m. for a traffic offense. After the officer issued the defendant a

summons and returned his license and registration, he requested permission to search the truck

because the passenger acted suspiciously. He did not make eye contact, appeared nervous, had

---
[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

trembling hands, and sweated despite cold weather. The defendant consented to the search, and he and his passenger got out of the vehicle.

The police found a small baggie of crack cocaine under the passenger's seat. The officer arrested the defendant and the passenger. The passenger gave the police a statement but became ill after swallowing some cocaine. Police took him to a hospital and obtained a search warrant for the apartment he shared with the defendant based on his statement.

The police searched the apartment and discovered the contested evidence. A Ziploc bag contained approximately five ounces of cocaine. It was on a shelf about chest-high in a hall closet without a door, partially wrapped in a paper towel. It had a street value of $800 to $1,200 per ounce, and if processed into crack cocaine, it had a value of $12,000 to $18,000. A plate held 5.766 grams of crack cocaine, a razor blade, and baggies. It was in the kitchen cupboard but not visible until taken down from the shelf. With the plate was a jar for cooking cocaine and scales for weighing it. The police found two firearms in the passenger's bedroom. No drugs, drug paraphernalia, or firearms were found in the defendant's bedroom.

Possession may be established by "evidence of acts, statements, or conduct of the accused or other facts or circumstances which . . . [proves beyond a reasonable doubt] that the defendant was aware of both the presence and the character of the substance and that it was subject to his dominion and control." Powers v. Commonwealth, 227 Va. 474, 476, 316 S.E.2d 739, 740 (1984). Although occupancy and ownership are factors to consider, proof that the cocaine was found in the defendant's truck and apartment does not create a presumption that he knowingly possessed them. Id.; Burchette v. Commonwealth, 15 Va. App. 432, 435, 425 S.E.2d 81, 83 (1992). The defendant's close proximity to the drugs is insufficient to prove possession. Drew v. Commonwealth, 230 Va. 471, 473, 338 S.E.2d 844, 845 (1986).

The Commonwealth can prove knowledge when a defendant is present with drugs that are in plain view. In Womack v. Commonwealth, 220 Va. 5, 8, 255 S.E.2d 351, 352-53 (1979), the Court affirmed a conviction when the defendant was present with others in an apartment where drugs were strewn in plain view. Womack also possessed other drugs similar to those found in the apartment. In Gillis v. Commonwealth, 215 Va. 298, 301, 208 S.E.2d 768, 771 (1974), the Court affirmed a conviction when the defendant was present in a jointly-occupied apartment where a hash pipe containing marijuana was in plain view. Gillis also was familiar with marijuana. In Copeland v. Commonwealth, 42 Va. App. 424, 438, 592 S.E.2d 391, 397 (2004), this Court affirmed a conviction when the defendant made furtive movements in a car where the drugs were directly behind his seat in plain view. In this case, the drugs in the hall closet could be considered to be in plain view, but no evidence placed the defendant in the apartment at the same time as the drugs.

In Drew, 230 Va. at 473, 338 S.E.2d at 845, the defendant's papers were found in the apartment where drugs were found. The evidence was insufficient to prove constructive possession because he was never seen in the apartment, only near it. In Burchette, 15 Va. App. at 435, 425 S.E.2d at 83, the defendant's wallet, papers, and firearm were found with drugs in a locked car. The evidence was insufficient because it never placed the defendant in the car when the drugs were present, nor did it show that he exclusively possessed the car. Absent evidence that the contraband was in plain view or of statements, acts, or conduct of the accused indicating knowledge that the contraband was present, "there is a failure of proof." Roger D. Groot, Criminal Offenses and Defenses in Virginia Drug Offenses § 3, 222 (2004).

The Commonwealth stresses Maryland v. Pringle, 540 U.S. __, 124 S. Ct. 795 (2003). The Court held the officer had reasonable cause to believe all passengers in a car had knowledge of and exercised control over the drugs found hidden in the backseat. Each had denied

- 3 -

knowledge, and nothing cast suspicion on a single individual. Those facts and the quantity of drugs in the car permitted an inference that everyone in the car was engaged in a common enterprise to distribute drugs. Pringle dealt with probable cause to arrest. The facts of this case differ significantly: a small quantity of drugs was in the truck; they were linked to a specific occupant.

The defendant did not appear for his preliminary hearing and fled to his home in Haiti for two years. The Commonwealth argues that flight was evidence of guilt. It was, but something more was required to prove guilt. That something is lacking in this case. Cf. Tucker v. Commonwealth, 18 Va. App. 141, 144, 442 S.E.2d 419, 421 (1994) (mere conclusion that defendant lied to conceal his guilt does not show he had requisite knowledge to support constructive possession theory).

The evidence proved the passenger was aware of the presence and character of the drugs and he consciously exercised dominion and control over them. When stopped by the police, he became visibly nervous. His conduct, not that of the defendant, concerned the officer. The crack cocaine was found under his seat, and he became ill after swallowing some. The passenger gave the information that led the police to search for drugs in the apartment. The cocaine was found in two common areas of the apartment, and the two firearms were found in the passenger's bedroom. The passenger had knowledge of the presence and character of the drugs and exercised dominion and control over them.

The evidence that linked the passenger to the drugs and established his guilt did not also link the defendant to the drugs and establish his guilt. The defendant did not arouse suspicion when stopped, he was cooperative, he consented to both searches, and he had no drugs on his person or in his bedroom. No acts, statements, or conduct of the defendant suggest that he knew the drugs were present or consciously exercised dominion and control over them. See Hairston

- 4 -

v. Commonwealth, 5 Va. App. 183, 186-87, 360 S.E.2d 893, 895 (1987) (evidence failed to prove sufficient acts or conduct that demonstrated defendant knew cocaine was present in the clothing of baby she was holding).

On appeal, we consider whether, after considering all the evidence, any fact finder "could have rejected [the defendant's] theories in his defense and found him guilty beyond a reasonable doubt." Hudson, 265 Va. at 513, 578 S.E.2d at 785. "When, from the circumstantial evidence, 'it is just as likely, if not more likely,' that a 'reasonable hypothesis of innocence' explains the accused's conduct, the evidence cannot be said to rise to the level of proof beyond a reasonable doubt." Littlejohn v Commonwealth 24 Va. App. 401, 414, 482 S.E.2d 853, 859 (1997) (quoting Haywood v. Commonwealth, 20 Va. App. 562, 567-68, 458 S.E.2d 606, 609 (1995)).

The evidence in the light most favorable to the Commonwealth points to the passenger. It connects the passenger alone to the drugs in the truck and the apartment. In pointing to the passenger, the evidence permitted the alternative inferences that the defendant was aware of the drugs or that he was not aware of them. No statement or action by the defendant connected him to the drugs, and nothing suggested he knew of them. The evidence never placed the defendant in the presence of drugs in plain view. It did not show any joint action or effort that permitted an inference of joint enterprise or possession. The evidence failed to exclude the second alternative, that the defendant was not aware of the drugs; it did not exclude an hypothesis of innocence. Accordingly, we reverse the convictions.

<u>Reversed and dismissed.</u>