COURT OF APPEALS OF VIRGINIA

Present:  Judges Frank, Clements and Senior Judge Fitzpatrick
Argued at Richmond, Virginia


JARRELL TYREE TAYLOR

                                         MEMORANDUM OPINION[*] BY
v.      Record No. 0707-06-4           JUDGE ROBERT P. FRANK
                                          APRIL 17, 2007

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF WINCHESTER
John E. Wetsel, Jr., Judge

Joseph R. Winston, Special Appellate Counsel (Virginia Indigent
Defense Commission, on briefs), for appellant.

Benjamin H. Katz, Assistant Attorney General (Robert F.
McDonnell, Attorney General, on brief), for appellee.


Jarrell Tyree Taylor, appellant, was convicted, in a bench trial, of distribution of cocaine, in

violation of Code § 18.2-248. On appeal, he challenges the sufficiency of the evidence. Finding no

error, we affirm the conviction.

BACKGROUND

Under settled principles, we review the evidence in the light most favorable to the

Commonwealth. Commonwealth v. Hudson, 265 Va. 505, 514, 578 S.E.2d 781, 786 (2003). That

principle requires us to "discard the evidence of the accused in conflict with that of the

Commonwealth, and regard as true all the credible evidence favorable to the Commonwealth and all

fair inferences to be drawn therefrom." Parks v. Commonwealth, 221 Va. 492, 498, 270 S.E.2d

755, 759 (1980) (emphasis and citation omitted).

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

The Virginia State Police Drug Task Force, led by Special Agent Daniel Argiro, conducted an operation that included the undercover purchase of drugs from Trevis Newman. Officers outfitted Dale Smith, an informant, with a body transmitter and instructed him to buy drugs from Newman. After patting down Smith for weapons and drugs, and finding none, police gave Smith seven marked one-hundred dollar bills. Argiro recorded the serial numbers of the bills given to Smith.

Surveillance had been set up for officers to follow Smith, who was driving his own vehicle. The officers observed Smith pick up Newman at a gas station, then proceed to an address on Southwerk Street in Winchester. Smith's vehicle remained at that address for ten to fifteen minutes before driving away.[1]

Approximately five minutes later, officers of the Winchester Police Department stopped Smith's vehicle. Argiro removed a small plastic baggy containing a white chunky material, later determined to be cocaine, from Smith's waistband. Argiro also recovered a small amount of crack cocaine from Newman, along with one of the marked one-hundred dollar bills previously given to Smith.

Argiro then obtained a search warrant for the Southwerk Street address. Sergeant Douglas Watson of the Winchester Police Department assisted in the execution of the warrant. Watson saw three males standing on the porch. As the police approached, one male ran into the house. As Watson reached the top of the stairs to the second floor, he saw appellant exiting the bathroom. Watson noticed the water was still "running" in the toilet. A clear plastic bag was floating in the swirling water, the toilet having recently been flushed. Appellant was the sole person on the second floor.

---

[1] Argiro did not see Newman leave or return to Smith's vehicle. He next saw Newman when police stopped Smith's vehicle. He never saw Newman enter the house.

Pursuant to the warrant, police recovered a plastic baggie of plant material, a set of portable scales, a cell phone and the wet plastic gallon baggie that had been in the toilet.[2] Argiro also recovered appellant's wallet, which contained appellant's ID card and the six remaining marked one-hundred dollar bills.

Wendy Barcole was present when the officers conducted the search. She and her small child resided with appellant at the house. Barcole testified appellant had not worked for "a couple of years," yet he paid $625 each month in rent. She also indicated that appellant would regularly keep $800-$1,000 on hand in his jacket. Barcole testified that on a prior occasion she had heard someone ask appellant for "a twenty piece," meaning "crack." She had seen the digital scales in appellant's bedroom and she had heard appellant talk of selling drugs. Appellant would ask people "if they needed anything?" She also stated that on the night of the search she had seen Newman, who is appellant's cousin, in the house and observed him talking to appellant in the kitchen. Barcole told police that any drug-related items belonged to appellant.

Smith testified that Newman had taken Smith to the same location on previous occasions and that Smith had purchased drugs from Newman in the past. He stated that Newman never had cocaine on him and that Newman would always direct Smith to another location to conclude the sale. On the instant occasion, Newman directed Smith to the Southwerk Street address. Smith then gave Newman the marked money, and Newman left the car and entered the house. Newman returned 10-15 minutes later. As they drove off, Newman handed Smith crack cocaine, which Smith placed in his waistband.

The trial court found appellant guilty of distribution of cocaine. This appeal follows.

---

[2] Argiro testified that drug dealers use digital scales to weigh "a product prior to sale."

ANALYSIS

Appellant contends the circumstantial evidence was insufficient to prove his guilt.

Specifically, he argues the evidence did not exclude every reasonable hypothesis of innocence. We

disagree.

When faced with a challenge to the sufficiency of the evidence, we "presume the

judgment of the trial court to be correct" and reverse only if the trial court's decision is "plainly

wrong or without evidence" to support it. Kelly v. Commonwealth, 41 Va. App. 250, 257, 584

S.E.2d 444, 447 (2003) (*en banc*) (citations omitted). A reviewing court does not "'ask itself

whether *it* believes that the evidence at the trial established guilt beyond a reasonable doubt.'"

Stevens v. Commonwealth, 46 Va. App. 234, 249, 616 S.E.2d 754, 761 (2005) (*en banc*)

(quoting Jackson v. Virginia, 443 U.S. 307, 318-19 (1979)) (emphasis in original), aff'd, 272 Va.

481, 634 S.E.2d 305 (2006). We ask only whether "'any rational trier of fact could have found

the essential elements of the crime beyond a reasonable doubt.'" Id. (quoting Kelly, 41 Va. App.

at 257, 584 S.E.2d at 447). "'This familiar standard gives full play to the responsibility of the

trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw

reasonable inferences from basic facts to ultimate facts.'" Kelly, 41 Va. App. at 257-58, 584

S.E.2d at 447 (quoting Jackson, 443 U.S. at 319). Thus, we do not "substitute our judgment for

that of the trier of fact" even if our opinion were to differ. Wactor v. Commonwealth, 38

Va. App. 375, 380, 564 S.E.2d 160, 162 (2002).

The Supreme Court of Virginia has consistently evaluated the sufficiency of

circumstantial cases:

> It suffices to say that if the proof relied upon by the
> Commonwealth is wholly circumstantial, as it here is, then to
> establish guilt beyond a reasonable doubt all necessary
> circumstances proved must be consistent with guilt and
> inconsistent with innocence. They must overcome the
> presumption of innocence and exclude all reasonable conclusions

> inconsistent with that of guilt.  To accomplish that, the chain of necessary circumstances must be unbroken and the evidence as a whole must satisfy the guarded judgment that both the *corpus delicti* and the criminal agency of the accused have been proved to the exclusion of any other rational hypothesis and to a moral certainty.  Yet what inferences are to be drawn from proved facts is within the province of the [fact finder] and not the court so long as the inferences are reasonable and justified.

La Prade v. Commonwealth, 191 Va. 410, 418, 61 S.E.2d 313, 316 (1950).

Appellant's argument isolates each component of the Commonwealth's evidence.  He points to the marked money and claims Newman, appellant's cousin, could have given the money to appellant.  He discounts the evidence of appellant's discussion of a $20 piece, the digital scales, and the presence of $800-$1,000 cash despite appellant's unemployment, as evidence of marijuana sales, not distribution of cocaine.  He surmises that the gallon baggie found in the swirling toilet water is consistent with the marijuana trade and not cocaine sales.

Circumstantial evidence is not viewed in isolation.  Emerson v. Commonwealth, 43 Va. App. 263, 277, 597 S.E.2d 242, 249 (2004).  "While no single piece of evidence may be sufficient, the 'combined force of many concurrent and related circumstances, each insufficient in itself, may lead a reasonable mind irresistibly to a conclusion.'"  Derr v. Commonwealth, 242 Va. 413, 425, 410 S.E.2d 662, 669 (1991) (quoting Stamper v. Commonwealth 220 Va. 260, 273, 257 S.E.2d 808, 818 (1979) (other citation omitted).

Here, Newman directed Smith to appellant's address, took the designated money from Smith, entered appellant's residence and returned shortly thereafter with cocaine.  Newman was seen talking to appellant inside the house, and appellant was found with six of the marked $100 bills.  The evidence further revealed appellant had been involved in the sale of drugs on prior occasions, and had large sums of cash on him despite being unemployed for two years.

From the evidence, the trial court could reasonably conclude that appellant exercised dominion and control over the cocaine, knew of its character, Drew v. Commonwealth, 230 Va.

471, 473, 338 S.E.2d 844, 845 (1986), and sold the drugs to Newman who in turn sold the drugs to Smith.

We conclude "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Kelly, 41 Va. App at 257, 584 S.E.2d at 447. We, therefore, affirm the conviction.

Affirmed.