COURT OF APPEALS OF VIRGINIA

Present:   Judges Malveaux, Ortiz and Causey
Argued at Lexington, Virginia


DERIK WILLIAM PRUETT

                                                      MEMORANDUM OPINION* BY
v.          Record No. 0092-22-3                      JUDGE DANIEL E. ORTIZ
                                                      DECEMBER 6, 2022

COMMONWEALTH OF VIRGINIA


              FROM THE CIRCUIT COURT OF FRANKLIN COUNTY
                           Timothy W. Allen, Judge

         William Edward Cooley for appellant.

         Elizabeth Kiernan Fitzgerald, Assistant Attorney General (Jason S.
         Miyares, Attorney General, on brief), for appellee.


         Following a bench trial, the Circuit Court of Franklin County convicted Derik William

Pruett of the possession of a Schedule I or II controlled substance, in violation of Code § 18.2-250.

Pruett argues that the trial court erred in finding that he possessed the methamphetamine because the

"smoking device tied to [him] was not found on the same day that [he] possessed the device and [it]

was available for use by other people in the interim."  Because the Commonwealth's evidence was

sufficient to prove beyond a reasonable doubt that Pruett was guilty of possession of a Schedule I or

II controlled substance, specifically because Pruett admitted to using the discovered pipe that tested

positively for methamphetamine, we affirm the conviction.

                                        BACKGROUND

         We recite the facts "in the 'light most favorable' to the Commonwealth, the prevailing

party in the trial court."  *Hammer v. Commonwealth*, 74 Va. App. 225, 231 (2022) (quoting

_____

         * Pursuant to Code § 17.1-413, this opinion is not designated for publication.

*Commonwealth v. Cady*, 300 Va. 325, 329 (2021)).  Doing so requires that we "discard the evidence of the accused in conflict with that of the Commonwealth, and regard as true all the credible evidence favorable to the Commonwealth and all fair inferences to be drawn therefrom." *Cady*, 300 Va. at 329 (quoting *Commonwealth v. Perkins*, 295 Va. 323, 323-24 (2018)).

On September 15, 2019, Franklin County Sheriff's Investigator Zachary Shaffer assisted in the execution of a search warrant on a house in Franklin County.[1]  Shaffer, joined by other police, knocked on the house door and announced their presence multiple times without response.  The police forced entry into the residence and found the only occupant, Pruett, standing near a hallway closet.  In the hallway closet, the police found a black pouch containing a glass smoking device, syringes, and a small plastic baggie.  Police advised Pruett of his rights under *Miranda v. Arizona*, 384 U.S. 436 (1966), and Pruett told the police that "he had taken a hit from [the glass smoking device] last night."  The police sent the device to a forensic laboratory, which determined that it contained methamphetamine.  The laboratory did not find traces of marijuana.

On cross-examination, Shaffer admitted that Pruett did not own the residence and that it appeared that "a lot of people [came] to that house in recent days."  Shaffer also stated that at the time of the search, Pruett had packed his belongings in anticipation of leaving the residence.

At the conclusion of the Commonwealth's evidence, Pruett moved to strike, asserting the Commonwealth did not meet its burden.  Pruett argued that the Commonwealth only presented evidence of a smoking device that he admitted using some time before the search and that subsequent to his use another person could have used the smoking device to smoke methamphetamine.  Pruett concluded that the Commonwealth failed to prove that he possessed the methamphetamine or even knew that it was in the smoking device.  The trial court denied Pruett's motion to strike.

---

[1] The police executed the search warrant for the purpose of finding drugs in the residence.

Pruett then testified in his own defense. Pruett said he did not answer the door when the police knocked because he was using the restroom. He said he "vaguely" remembered telling the police that he used the smoking device but later stated that he had never seen the smoking device in his life. Pruett testified that two other people lived at the residence and used drugs. On cross-examination, Pruett admitted to having five past felony convictions. Pruett stated that he may have told the police that he took a "hit" from the pipe, but that he could not recall and clarified that he used the pipe to smoke "probably marijuana."

After hearing all the evidence and argument, the trial court convicted Pruett of possession of a Schedule I or II controlled substance. The trial court sentenced Pruett to three years of incarceration, with one year and ten months suspended. This appeal followed.

ANALYSIS

Pruett argues that "the Commonwealth did not establish the essential elements for a conviction for possession of methamphetamine." Pruett argues that although the evidence showed that he "took a 'hit' off a glass smoking device the night before the search warrant was executed . . . [t]here was no evidence that [he] knew what was in the smoking device the night before . . . or on the day that the officers arrived at the house." Additionally, Pruett asserts that "others in the house may have used the smoking device between the time [he] used it and when the officers arrived." Pruett argues that this "precludes the assumption" that he was using methamphetamine when he used the smoking device.

"When reviewing the sufficiency of the evidence, '[t]he judgment of the trial court is presumed correct and will not be disturbed unless it is plainly wrong or without evidence to support it.'" *McGowan v. Commonwealth*, 72 Va. App. 513, 521 (2020) (alteration in original) (quoting *Smith v. Commonwealth*, 296 Va. 450, 460 (2018)). "In such cases, '[t]he Court does not ask itself whether *it* believes that the evidence at the trial established guilt beyond a reasonable doubt.'" *Id.*

(alteration in original) (quoting *Secret v. Commonwealth*, 296 Va. 204, 228 (2018)). "Rather, the relevant question is whether '*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" *Vasquez v. Commonwealth*, 291 Va. 232, 248 (2016) (quoting *Williams v. Commonwealth*, 278 Va. 190, 193 (2009)). "If there is evidentiary support for the conviction, 'the reviewing court is not permitted to substitute its own judgment, even if its opinion might differ from the conclusions reached by the finder of fact at the trial.'" *McGowan*, 72 Va. App. at 521 (quoting *Chavez v. Commonwealth*, 69 Va. App. 149, 161 (2018)).

"In order to convict a person of illegal drug possession, the Commonwealth must prove beyond a reasonable doubt that the accused was aware of the presence and character of the drug and that the accused consciously possessed it." *Yerling v. Commonwealth*, 71 Va. App. 527, 532 (2020). "[P]roof of actual possession is not required; proof of constructive possession will suffice." *Id.* (quoting *Walton v. Commonwealth*, 255 Va. 422, 426 (1998)). The Commonwealth proves constructive possession by showing that there are "acts, statements, or conduct of the accused or other facts or circumstances which tend to show that the [accused] was aware of both the presence and character of the substance and that it was subject to his dominion and control." *Id.* (quoting *Drew v. Commonwealth*, 230 Va. 471, 473 (1986)). Although "ownership or occupancy of the premises where the drug is found does not create a presumption of possession, . . . these factors may be considered in deciding whether an accused possessed the drug." *Id.* "Circumstantial evidence is as acceptable . . . as direct evidence" to prove guilt, especially as "it is practically the *only* method of proof" for elements like intent and knowledge. *Abdo v. Commonwealth*, 64 Va. App. 468, 475-76 (2015) (quoting *Parks v. Commonwealth*, 221 Va. 492, 498 (1980)).

The Commonwealth presented sufficient evidence to support the conclusion beyond a reasonable doubt that Pruett possessed the methamphetamine. When the police entered the house,

Pruett was the only occupant and was standing near the closet where the police found the smoking device. Pruett admitted to the police that on the previous night, he "had taken a hit" from the smoking device, which the forensic laboratory determined contained methamphetamine.

At trial, however, Pruett stated that he had never seen the smoking device in his life. Pruett also testified that he "vaguely" remembered that he may have told the police that he used the smoking device, but that he could not recall. Later, Pruett stated that he used the pipe to smoke "probably marijuana," despite the forensic laboratory finding no traces of marijuana in the pipe.

It is well-settled that "issues of witness credibility and the weight afforded a witness' testimony 'are matters solely for the fact finder[,] who has the opportunity to see and hear that evidence as it is presented.'" *Hammer*, 74 Va. App. at 239 (alteration in original) (quoting *Gerald v. Commonwealth*, 295 Va. 469, 486 (2018)). A reviewing court "must accept 'the [fact finder's] determination of the credibility of witness testimony unless, "as a matter of law, the testimony is inherently incredible."'" *Id.* (alteration in original) (quoting *Lambert v. Commonwealth*, 70 Va. App. 740, 759 (2019)).

The trial court was entitled to reject Pruett's contradictory and self-serving evidence. *See Flanagan v. Commonwealth*, 58 Va. App. 681, 702 (2011). Here, the trial court rejected Pruett's testimony and found the Commonwealth's witness to be more credible. *See Rams v. Commonwealth*, 70 Va. App. 12, 28 (2019) (holding that in convicting the appellant, the fact finder "has found by a process of elimination that the evidence does not contain a reasonable theory of innocence" (quoting *Haskins v. Commonwealth*, 44 Va. App. 1, 9 (2004))). Considering the totality of the evidence, a reasonable factfinder could conclude that Pruett knowingly possessed methamphetamine.

## CONCLUSION

The trial court's judgment was not plainly wrong or without evidence to support it. The Commonwealth's evidence was competent, was not inherently incredible, and was sufficient to prove beyond a reasonable doubt that Pruett was guilty of possession of a Schedule I or II controlled substance. Accordingly, we affirm the conviction.

*Affirmed.*