COURT OF APPEALS OF VIRGINIA

Present:    Chief Judge Decker, Judges O'Brien and Lorish
Argued by videoconference


SHELDON MAURICE ADAMS
                                                    MEMORANDUM OPINION* BY
v.         Record No. 0827-22-3                      JUDGE LISA M. LORISH
                                                        JULY 18, 2023
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF BRISTOL
Sage B. Johnson, Judge

Charles S. Hale, II (The Law Office of Charles S. Hale, II, PLLC, on
brief), for appellant.

Justin B. Hill, Assistant Attorney General (Jason S. Miyares,
Attorney General; Leanna C. Minix, Assistant Attorney General, on
brief), for appellee.


A jury convicted Sheldon Maurice Adams of possession with intent to distribute

methamphetamine and possession with intent to distribute AMB-FUBINACA, a Schedule I

synthetic drug. Adams challenges the sufficiency of the evidence on appeal, but for the reasons

below, we affirm.

BACKGROUND

On April 2, 2019, Bristol Patrol Officer Brandon Moore began a traffic stop after he saw the

vehicle Adams was driving run a red light. Officer Moore detained Adams's passenger Linda

Sproles after discovering an active warrant for her arrest; Moore later found marijuana in her purse.

After Officer Moore arrested Sproles, Adams gave him consent to search the vehicle.

Officer Moore found a blue duffel bag on the rear seat. The blue duffel bag contained a black

---

* This opinion is not designated for publication. *See* Code § 17.1-413(A).

pouch, a blue case, and a glass jar. In the black pouch, Officer Moore found several credit and debit cards with Adams's name as well as three crystal cylinders, plastic baggies, a glass smoking device, and a red straw. The blue case contained several glass smoking devices, two hoses, a funnel, a scale, a scale tray, and more empty baggies. The glass jar contained what subsequent forensic analysis determined was 8.9 grams of AMB-FUBINACA, a Schedule I cannabimimetic agent.

Officer Moore then detained Adams. While Adams was in handcuffs, he attempted to remove a black case from his pocket. When Officer Moore searched that case, he found two baggies containing 1.47 grams of methamphetamine and a plastic bag containing .906 gram of AMB-FUBINACA. Officer Moore then took Adams to the jail. During processing there, Officer Moore found $818 in Adams's wallet—$218 in the normal money pocket and an additional $600 "folded up" in a different part of the wallet. When Officer Moore found the $600, Adams said: "Damn."

Testifying in his own defense, Adams denied any knowledge of the narcotics found in the blue duffel bag and in the black case that was in his pocket. He stated that several people rode in his car that day, and had been helping Sproles "move[] all her stuff." He explained that the blue duffel bag was not his and "could have" belonged to Sproles; he did not have "any idea" how his debit and credit cards got into that bag along with the narcotics and trafficking paraphernalia. Adams asserted that the black case containing the narcotics had slid under his foot while he was driving, so he reached down and put it in his pocket without knowing its contents. He claimed that he would not have given Officer Moore consent to search the vehicle if he had known about the drugs.

The jury convicted Adams on both counts. Adams timely moved to set aside the verdict, which the trial court denied. By final order of May 5, 2022, the Circuit Court of the City of Bristol sentenced him to twenty years' imprisonment with all but six years and seven months

- 2 -

suspended.  Adams now appeals, challenging the sufficiency of the evidence to sustain his convictions.

ANALYSIS

"When reviewing the sufficiency of the evidence, '[t]he judgment of the trial court is presumed correct and will not be disturbed unless it is plainly wrong or without evidence to support it.'" *McGowan v. Commonwealth*, 72 Va. App. 513, 521 (2020) (alteration in original) (quoting *Smith v. Commonwealth*, 296 Va. 450, 460 (2018)).  "In such cases, '[t]he Court does not ask itself whether *it* believes that the evidence at the trial established guilt beyond a reasonable doubt.'" *Id.* (alteration in original) (quoting *Secret v. Commonwealth*, 296 Va. 204, 228 (2018)).  "Instead, we ask only 'whether *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" *Id.* (quoting *Secret*, 296 Va. at 228).  "If there is evidentiary support for the conviction, 'the reviewing court is not permitted to substitute its own judgment, even if its opinion might differ from the conclusions reached by the finder of fact at the trial.'" *Id.* (quoting *Chavez v. Commonwealth*, 69 Va. App. 149, 161 (2018)).

"The trier of fact is 'free to believe or disbelieve, in part or in whole, the testimony of any witness.'" *Washington v. Commonwealth*, 75 Va. App. 606, 616 (2022) (quoting *Bazemore v. Commonwealth*, 42 Va. App. 203, 213 (2004) (en banc)).  "Similarly, '[i]n its role of judging witness credibility, the fact finder is entitled to disbelieve the self-serving testimony of the accused and to conclude that the accused is lying to conceal his guilt.'" *Id*. (alteration in original) (quoting *Flanagan v. Commonwealth*, 58 Va. App. 681, 702 (2011)).

"Consistent with the standard of review when a criminal appellant challenges the sufficiency of the evidence, we recite the evidence below 'in the "light most favorable" to the Commonwealth, the prevailing party in the trial court.'" *Hammer v. Commonwealth*, 74

Va. App. 225, 231 (2022) (quoting *Commonwealth v. Cady*, 300 Va. 325, 329 (2021)). This standard "requires us to 'discard the evidence of the accused in conflict with that of the Commonwealth, and regard as true all the credible evidence favorable to the Commonwealth and all fair inferences to be drawn therefrom.'" *Cady*, 300 Va. at 329 (quoting *Commonwealth v. Perkins*, 295 Va. 323, 324 (2018)).

To convict a defendant of possessing illegal drugs, "the Commonwealth must prove beyond a reasonable doubt that the accused was aware of the presence and character of the drug and that the accused consciously possessed it." *Yerling v. Commonwealth*, 71 Va. App. 527, 532 (2020). "[P]roof of actual possession is not required; proof of constructive possession will suffice." *Id.* (alteration in original) (quoting *Walton v. Commonwealth*, 255 Va. 422, 426 (1998)). The Commonwealth may prove constructive possession by establishing "acts, statements, or conduct of the accused or other facts or circumstances which tend to show that the [accused] was aware of both the presence and character of the [contraband] and that it was subject to his dominion and control." *Id.* (first alteration in original) (quoting *Drew v. Commonwealth*, 230 Va. 471, 473 (1986)).

"Mere proximity to a controlled drug is not sufficient to establish dominion and control." *Id.* (quoting *Drew*, 230 Va. at 473). But occupancy of the vehicle and proximity to the contraband "are probative factors to be considered in determining whether the totality of the circumstances supports a finding of possession." *Hall v. Commonwealth*, 69 Va. App. 437, 448 (2018) (quoting *Wright v. Commonwealth*, 53 Va. App. 266, 274 (2009)). In proving possession, as with any other element, "circumstantial evidence is competent and is entitled to as much weight as direct evidence[,] provided that the circumstantial evidence is sufficiently convincing to exclude every reasonable hypothesis except that of guilt." *Finney v. Commonwealth*, 277 Va.

83, 89 (2009) (alteration in original) (quoting *Dowden v. Commonwealth*, 260 Va. 459, 468 (2000)).

Adams concedes that the "Commonwealth could easily establish that [he] was in possession of drugs because they were found in a container on his person." He still contends that "[t]he Commonwealth did not prove beyond a reasonable doubt that [he] possessed the case with knowledge of its nature and character" because he "testified that he picked up the case . . . because it rolled under his seat into the floorboard of the driver's seat." Likewise, he asserts that although Officer Moore found AMB-FUBINACA and multiple items consistent with narcotics trafficking next to Adams's debit and credit cards in the blue duffel bag, Adams "maintained that the blue bag . . . was not his." Finally, Adams asserts that he "provided a concrete purpose for the cash in his possession: he had just withdrawn his monthly social security benefits."

The "actual, physical possession of drugs permits the inference" that a defendant "knowingly possessed them aware of their illegal nature and character." *Morris v. Commonwealth*, 51 Va. App. 459, 466 (2008). Here, Adams had a black case in his pocket that contained both methamphetamine and AMB-FUBINACA. While Adams argued that he picked up the case from the floor without knowing what was inside, a rational jury could reject this testimony. *See Washington*, 75 Va. App. at 616. That same jury could consider Adams's attempt to remove the case from his pocket—while handcuffed—as an attempt to discard the case before Officer Moore found it, and infer from this that Adams was aware of the case's contents. *See id.*

What is more, a jury could also find beyond a reasonable doubt that Adams constructively possessed the drugs and the drug trafficking paraphernalia contained in the blue duffel bag in the backseat of the vehicle he was driving. Not only was Adams near the bag; his credit and debit cards were in the same pouch containing the contraband. AMB-FUBINACA

was also found in both the duffel bag and the case in his pocket, strengthening the connection between the two. Finally, Adams had a large amount of cash in his possession, stored in separate parts of his wallet, and cursed when Officer Moore found the folded up $600. Adams's assertion that he "had many passengers in his vehicle" and that the "bag . . . did not belong to him" is, again, supported only by his self-serving testimony, which the jury did not credit.[1] *See Washington*, 75 Va. App. at 616. Because a rational jury could have found Adams knew about the contents of the case from his pocket and the duffel bag, both convictions must be affirmed.

CONCLUSION

For these reasons, we affirm Adams's convictions for possession with intent to distribute methamphetamine and AMB-FUBINACA.

*Affirmed.*

---

[1] Although Adams challenges the sufficiency of the evidence to prove possession, he does not separately contend that the Commonwealth failed to prove intent to distribute.