COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present: Judges Huff, Athey and Friedman
Argued by videoconference


MATTHEW RYAN SCOTT

v.     Record No. 0672-21-3

COMMONWEALTH OF VIRGINIA

MEMORANDUM OPINION[*] BY
JUDGE GLEN A. HUFF
FEBRUARY 22, 2022


FROM THE CIRCUIT COURT OF HENRY COUNTY
David V. Williams, Judge

(Michael A. Nicholas; Daniel, Medley & Kirby, on brief), for
appellant. Appellant submitting on brief.

Stephen J. Sovinsky, Assistant Attorney General (Mark R. Herring,[1]
Attorney General, on brief), for appellee.


Following a bench trial, Matthew Ryan Scott ("appellant") was convicted in the Henry

County Circuit Court (the "trial court") on one count of possession of methamphetamine and one

count of possession of fentanyl, in violation of Code § 18.2-250. In this appeal, appellant contends

the trial court erred in finding the evidence sufficient to prove that he knowingly and intelligently

possessed the illicit narcotics. This Court disagrees and affirms the convictions.

I. BACKGROUND

On appeal, this Court "consider[s] the evidence and all reasonable inferences flowing

from that evidence in the light most favorable to the Commonwealth, the prevailing party at

trial." *Williams v. Commonwealth*, 49 Va. App. 439, 442 (2007) (*en banc*) (quoting *Jackson v.*

---

[*] This opinion is not designated for publication. *See* Code § 17.1-413.

[1] Jason S. Miyares succeeded Mark R. Herring as Attorney General on January 15, 2022.

*Commonwealth*, 267 Va. 666, 672 (2004)). Viewed through this lens, the evidence shows the following:

On August 24, 2020, Deputy M.R. Hodges of the Henry County Sheriff's Office initiated a traffic stop of a Chevrolet pickup truck on Reed Creek Drive in Henry County. He did so because the truck failed to come to a complete stop at the intersection of Applegate and Reed Creek Drive. As Deputy Hodges approached, appellant, the car's driver, opened the door of the vehicle. Deputy Hodges told appellant to close the door and remain in the vehicle. He then ran appellant's information and learned that appellant's driver's license had been revoked.

From there, Deputy Hodges requested a canine to search around the vehicle for the odor of narcotics. When the canine officer arrived, the officers approached the vehicle and explained the process to appellant and his passenger. When appellant opened the door, Deputy Hodges saw a glass smoking device on the floorboard. Deputy Hodges asked appellant and his passenger to exit the vehicle.

Deputy Hodges searched the vehicle for narcotics and found clear plastic bags containing a white crystal-like substance and a white powder-like substance in the vehicle's center console. A clear plastic bag containing a green leafy-like substance was found "inside of the seat of the vehicle, under a towel." Deputy Hodges also found a pill bottle containing oval-shaped pills. And while searching the vehicle, he overheard appellant tell the other officer that "the items in the vehicle were his." Testing confirmed that the white crystal-like substance in the clear plastic bag was methamphetamine and the white powder-like substance in the clear plastic bag was fentanyl. The canine was never used.

Appellant was indicted for one count of possession of methamphetamine and one count of possession of fentanyl on November 16, 2020, and a bench trial took place for each of those charges on March 5, 2021. At the conclusion of the Commonwealth's evidence, appellant made a motion to

strike. In that motion, he asserted that the Commonwealth only proved he was in mere proximity to the drugs and had not shown that he knew the illicit drugs were in the vehicle. He also argued the overheard statement was a general statement claiming ownership of items in the car—not an admission that the contraband was his—because the statement did not unambiguously claim ownership of the illicit narcotics or the smoking device found in the vehicle. The trial court overruled the motion.

After the defense rested its case, appellant incorporated a renewed motion to strike within his closing argument. He again argued that his overheard general statement did not specify which items he was talking about and that he never admitted he knew illicit substances were in the vehicle. Consequently, he argued, the Commonwealth only established a suspicion of guilt. The trial court disagreed and found appellant guilty of possession of methamphetamine and fentanyl. It then sentenced appellant to five years of incarceration for possession of methamphetamine, with three years and five months suspended, and five years' incarceration for possession of fentanyl, with five years suspended.

This appeal followed.

## II. STANDARD OF REVIEW

Appellant challenges the sufficiency of the evidence to convict him for possession of the illicit substances. "When reviewing the sufficiency of the evidence, '[t]he judgment of the trial court is presumed correct and will not be disturbed unless it is plainly wrong or without evidence to support it.'" *Smith v. Commonwealth*, 296 Va. 450, 460 (2018) (quoting *Commonwealth v. Perkins*, 295 Va. 323, 327 (2018)) (alteration in original). "In such cases, '[t]he Court does not ask itself whether *it* believes that the evidence at the trial established guilt beyond a reasonable doubt.'" *Secret v. Commonwealth*, 296 Va. 204, 228 (2018) (alteration in original) (quoting *Pijor v. Commonwealth*, 294 Va. 502, 512 (2017)). "Rather, the relevant question is whether '*any* rational

trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" *Vasquez v. Commonwealth*, 291 Va. 232, 248 (2016) (quoting *Williams v. Commonwealth*, 278 Va. 190, 193 (2009)). "If there is evidentiary support for the conviction[s], 'the reviewing court is not permitted to substitute its own judgment, even if its opinion might differ from the conclusions reached by the finder of fact at the trial.'" *Chavez v. Commonwealth*, 69 Va. App. 149, 161 (2018) (quoting *Banks v. Commonwealth*, 67 Va. App. 273, 288 (2017)).

## III.  ANALYSIS

Appellant asserts that the evidence presented in the trial court was insufficient to prove he knowingly and intentionally possessed illicit narcotics.  He says that because multiple different illicit items were found in the vehicle, it is unclear which items his overheard statement referred to.  Thus, he maintains, the evidence is insufficient as a matter of law to sustain the convictions.  This Court disagrees.

"It is unlawful for any person knowingly or intentionally to possess a controlled substance." Code § 18.2-250.  "In order to convict a person of illegal drug possession, the Commonwealth must prove beyond a reasonable doubt that the accused was aware of the presence and character of the drug and that the accused consciously possessed it." *Yerling v. Commonwealth*, 71 Va. App. 527, 532 (2020) (citing *Jones v. Commonwealth*, 17 Va. App. 527, 532 (1994)).

"Mere proximity to a controlled drug is not sufficient to establish dominion and control." *Id.* (quoting *Drew v. Commonwealth*, 230 Va. 471, 473 (1986)).  "[P]roof of actual possession is not required; proof of constructive possession will suffice." *Id.* (quoting *Walton v. Commonwealth*, 255 Va. 422, 426 (1998)).  The Commonwealth can prove constructive possession by showing that there are "acts, statements, or conduct of the accused or other facts or circumstances which tend to show that the [accused] was aware of both the presence and character of the substance and that it was subject to his dominion and control." *Id.* (quoting *Drew*, 230 Va. at 473).  Although "ownership or

- 4 -

occupancy of the premises where the drug is found does not create a presumption of possession, . . . these factors may be considered in deciding whether an accused possessed the drug." *Id*. (first citing Code § 18.2-250.1(A); then citing *Garland v. Commonwealth*, 225 Va. 182, 184 (1983); and then citing *Lane v. Commonwealth*, 223 Va. 713, 716 (1982)).

"Often, the element of guilty knowledge must be shown by circumstantial evidence." *Williams v. Commonwealth*, 71 Va. App. 462, 484 (2020). "Circumstantial evidence is as competent and is entitled to as much weight as direct evidence, provided it is sufficiently convincing to exclude every reasonable hypothesis except that of guilt." *Sarka v. Commonwealth*, 73 Va. App. 56, 67 (2021) (quoting *Coleman v. Commonwealth*, 226 Va. 31, 53 (1983)). "Ultimately, 'the issue [of what constitutes constructive possession] is largely a factual one' left to the trier of fact, not the appellate court." *Bagley v. Commonwealth*, 73 Va. App. 1, 28 (2021) (alteration in original) (quoting *Smallwood v. Commonwealth*, 278 Va. 625, 630 (2009)).

"Merely because [a] defendant's theory of the case differs from that taken by the Commonwealth does not mean that every reasonable hypothesis consistent with his innocence has not been excluded. What weight should be given evidence is a matter for the [factfinder] to decide." *Edwards v. Commonwealth*, 68 Va. App. 284, 301 (2017) (quoting *Haskins v. Commonwealth*, 44 Va. App. 1, 9 (2004)). "By finding [a] defendant guilty, therefore, the factfinder 'has found by a process of elimination that the evidence does not contain a reasonable theory of innocence.'" *Id*. (quoting *Haskins*, 44 Va. App. at 9). Accordingly, this Court will only reverse the trial court's decision to convict appellant if it is "plainly wrong or there is no evidence to support it." *Kelly v. Commonwealth*, 41 Va. App. 250, 257 (2003) (*en banc*).

Considering all the evidence in the light most favorable to the Commonwealth, there is no basis to disturb the trial court's verdict. The record establishes appellant was the driver of the

vehicle. When appellant exited the vehicle, a glass smoking device was in plain view on the driver's side floorboard. When Deputy Hodges searched the vehicle, he found two clear plastic bags in the center console containing white crystal-like and powder-like substances. Testing confirmed one bag contained methamphetamine and the other contained fentanyl. A third clear plastic bag with a green leafy substance was found under a towel on the seat. While searching the vehicle, Deputy Hodges overheard appellant state to the canine officer that the items in the vehicle were his. This statement creates a reasonable inference that appellant knew the plastic bags contained methamphetamine and fentanyl and that those bags were in the center console. Moreover, the location where the narcotics were found—here, the vehicle's center console—"may be considered in deciding whether an accused possessed the drug." *Yerling*, 71 Va. App. at 532. A reasonable factfinder could infer from this location that appellant knew of the drugs and exercised control over them. Because a rational trier of fact could conclude this evidence was sufficient to show appellant knowingly possessed methamphetamine and fentanyl, this Court will not disturb the trial court's judgment on appeal.

## IV. CONCLUSION

The evidence at trial sufficiently proved that appellant possessed methamphetamine and fentanyl in violation of Code § 18.2-250. Accordingly, this Court affirms appellant's convictions.

*Affirmed*.